## IACURCI *v.* LUMMUS CO.

No. 6, Misc.   Decided May 15, 1967.

*Arnold B. Elkind* for petitioner.

*Raymond L. Falls, Jr.,* for respondent.

PER CURIAM.

Petitioner, whose husband was killed while testing the operation of a "skip hoist," brought this diversity action claiming that respondent had negligently designed the hoist.   The Trial Judge submitted this question to the jury in the form of a special interrogatory which asked that the jury, if it found negligent design, "please indicate" which of five specified design aspects of the hoist

had been found unsafe. The jury was to answer "Yes" or "No" with respect to each of the five enumerated factors. The jury returned a special verdict for petitioner, answering one of the five subsections of the interrogatory in petitioner's favor and leaving the other four unanswered. The Trial Judge denied respondent's motion for judgment notwithstanding the jury's verdict, and respondent appealed.

The Court of Appeals in its principal opinion* concluded that "we must take it that they [the jury] found that Lummus' negligence was not established" as to the four aspects of design covered by the unanswered subsections of the interrogatory. The court then held that the evidence did not support the jury's finding of negligence as to the fifth aspect of design and reversed the trial court's judgment with instructions to enter judgment for respondent. Petitioner sought rehearing in the Court of Appeals, noting her timely objection to the trial court's use of the special interrogatory and arguing that the Court of Appeals had improperly restricted its review of the evidence to the one aspect of design. Rehearing was denied, one judge again dissenting, and this petition for a writ of certiorari followed.

We do not share the Court of Appeals' confidence as to the meaning, in light of the trial court's instructions, of the jury's failure to answer four subdivisions of the interrogatory. Perhaps the jury intended to resolve these questions in respondent's favor; but the jury might have been unable to agree on these issues, or it simply might not have passed upon them because it concluded that

---

*In addition, one member of the panel concurred and the other dissented. The concurring opinion, though based upon a completely different aspect of this complex case, appears to adopt the interpretation of the interrogatory answers which we find unwarranted.

respondent had negligently designed the hoist in another respect. In either of the latter two situations, petitioner would clearly deserve a new trial, at least as to these unresolved issues of negligence. See *Union Pac. R. Co. v. Bridal Veil Lumber Co.*, 219 F. 2d 825; 5 Moore, Federal Practice ¶ 49.03[4], at 2208 (1964 ed.). Under these circumstances, we think the Court of Appeals erred in directing entry of judgment for respondent; the case should have been remanded to the Trial Judge, who was in the best position to pass upon the question of a new trial in light of the evidence, his charge to the jury, and the jury's verdict and interrogatory answers. Fed. Rule Civ. Proc. 50 (d). See *Neely* v. *Eby Construction Co.*, 386 U. S. 317; *Weade* v. *Dichmann, Wright & Pugh, Inc.*, 337 U. S. 801. Accordingly, the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted, the judgment of the Court of Appeals is vacated insofar as it directed entry of judgment for respondent, and the case is remanded with instructions to remand to the District Court to determine whether petitioner is entitled to a new trial.

*It is so ordered.*

MR. JUSTICE BLACK would reverse the judgment of the Court of Appeals and reinstate the judgment of the District Court in favor of petitioner.

MR. JUSTICE HARLAN, dissenting.

In *Neely* v. *Eby Construction Co.*, 386 U. S. 317, we held that a court of appeals might, despite denial by the trial judge of motions for a new trial and for judgment notwithstanding the verdict, appropriately instruct the district court to enter judgment against the jury-verdict winner. We also recognized in *Neely*, however, that there might be situations in which the necessity for a new trial would be better determined by the trial

court, and that in such situations the court of appeals should return the case to the district court for such an assessment.

In joining *Neely*, I did not understand the opinion to require this Court to interpose in each case its own judgment of the relative competence of the court of appeals and of the district court to pass on the new trial motion. Rather, I understood *Neely* to place upon the court of appeals the responsibility for determining "in its informed discretion," *supra*, at 329, which, if any, of the issues urged in support of a new trial "should be reserved for the trial court." *Ibid.* I think that sound judicial administration demands that this Court should overturn a considered judgment of a court of appeals on such issues only in situations of manifest abuse of discretion.

The Court in this instance states that it does "not share the Court of Appeals' confidence as to the meaning, in light of the trial court's instructions, of the jury's failure to answer" subquestions included in the interrogatories. The ambiguities upon which the Court now relies were earnestly urged by petitioner in her petition for rehearing to the Court of Appeals. Petition for Rehearing 5–6, 7–8. They were, as the Court in *Neely* intended, before the Court of Appeals for its judgment whether the case should be returned to the District Court for determination of the necessity for a new trial. Had I been sitting on the Court of Appeals I might not have agreed with the view taken of this case by the majority there, but I cannot agree that their conclusion was a manifest abuse of their "informed discretion." I hope that this decision does not indicate that the Court is about to embark on a course comparable to that it set for itself in FELA cases.

I would affirm the judgment of the Court of Appeals.