**Leo HEGTVEDT d/b/a Hegtvedt Agency, Appellee,**

**v.**

**Howard J. PRYBIL and Delores Prybil, Appellants.**

**No. 2–56005.**

Supreme Court of Iowa.

Nov. 13, 1974.

Norman G. Jesse, Des Moines, for appellants.

Sheridan & Sheridan, Waukon, and Donald A. Wine, Des Moines, for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON, and McCORMICK, JJ.

McCORMICK, Justice.

Defendants appeal judgment entered on a jury verdict for plaintiff in his action against them for a real estate commission. Plaintiff contends the appeal should be dismissed because the judgment has been paid. Defendants contend trial court erred in several rulings on evidence and in its instructions to the jury. We overrule plaintiff's motion to dismiss the appeal and, finding no merit in defendants' assignments of error, affirm the trial court.

In 1960 defendant Howard J. Prybil and his sister Gladys Spies inherited a farm of 103.78 acres, located near Iowa City, from their father. In 1961 Gladys started a partition action. She dismissed it in 1964. In 1966 she started a second partition action. In July 1966, while this partition action was pending, Gladys, Howard, and Howard's wife, defendant Delores Prybil, entered a written one-year listing agreement with plaintiff Leo Hegtvedt, an Iowa City realtor.

On April 19, 1967, while the action was still pending, Gladys sold her undivided one-half interest on contract to Frantz Construction Company, Inc. for $132,500. The partition action reached this court in 1968 when Howard appealed a trial court order that the property be partitioned by sale rather than in kind. This court affirmed

the trial court. Spies v. Prybil, 160 N.W.2d 505 (Iowa 1968).

The property never was partitioned. The Frantz interest was later assigned to Business Development Incorporated (B.D.I.), an Iowa City nonprofit industrial development corporation. The record does not show the date this occurred, but it was before 1969. B.D.I. then intervened in the partition action. In early 1969 B.D.I. sought to effect partition sale and offered $150,000 to the referee in partition for Howard's interest. Hearing was set on the offer for March 13, 1969, but was continued.

In the meantime plaintiff had continued his efforts to sell Howard's interest. He testified he had obtained several offers from B.D.I. prior to 1969, all of which were rejected by defendants. On February 17, 1969, plaintiff obtained a written offer to defendants from B.D.I. In substance B.D.I. offered to buy Howard's interest for $175,-000, giving him the right to occupy the residence on the premises for five years, provided that upon sale of the property he would vacate upon 90 days notice and be paid $100 per month by B.D.I. for the period remaining.

The parties do not agree on what happened when plaintiff informed Howard of the offer, but they do agree it was not accepted.

Instead, on March 15, 1969, Howard appeared in the office of Robert Osmundson, attorney for B.D.I. Attorney Osmundson prepared a contract by which B.D.I. was to pay $181,000 for Howard's interest in the property and $2000 toward expenses of the partition action. Sale was made on the basis of that contract.

When plaintiff was refused a ten per cent commission on the sale he brought this action. His petition was framed in two divisions, one based on the listing agreement, alleging it was effective on the date of sale because orally extended, and the other based on implied contract. In each division plaintiff averred he was entitled to his commission because his efforts were the efficient producing cause of the sale.

Upon trial of the case, the jury found in plaintiff's favor on the first division of his petition, express contract, returning a verdict for $18,100. Judgment was later entered. This appeal followed.

Plaintiff does not contend the listing agreement gave him an exclusive right to sell as opposed to an exclusive agency. Therefore no problem is presented relating to interpretation of the listing agreement. See Stromberg v. Crowl, 257 Iowa 348, 132 N.W.2d 462 (1965).

Defendants' defense was that plaintiff was not the procuring cause of the sale. This defense was predicated on evidence that B.D.I. was interested in the property and had made one or more offers for it before it was listed with plaintiff, and that the efficient producing cause of sale was the impending partition sale. Attorney Osmundson represented B.D.I. in the partition action.

I. Plaintiff moved to dismiss this appeal on the ground it is moot because the judgment has been paid.

Affidavits and exhibits presented by the parties show that Delores Prybil commenced an action to dissolve her marriage to Howard subsequent to entry of the judgment. A substantial contract payment was due Howard from B.D.I. No supersedeas bond had been filed to stay execution of the judgment. Execution had been initiated by plaintiff to satisfy his judgment by garnishment of B.D.I. A receiver was appointed by the district court in the dissolution proceeding. The receiver obtained the contract payment from B.D.I., was ordered by the dissolution court to pay the judgment debt, and did so.

Payment of a judgment under compulsion does not amount to waiver of the right to appeal. Waiver is the voluntary relinquishment of a known right. Payment is not voluntary when it is made under compulsion of court order. To constitute waiver of the right to appeal, the

judgment would have to be paid by the judgment debtor voluntarily and intentionally, with knowledge of the circumstances. Vermeer v. Sneller, 190 N.W.2d 389, 395 (Iowa 1971), and citations. The payment in this case was not voluntary.

Plaintiff's motion to dismiss the appeal is overruled.

II. Defendants assert trial court erred in sustaining plaintiff's objections to evidence in three instances.

The first involved a question asked plaintiff on cross-examination. He was asked "But B.D.I. to your personal knowledge had shown an interest in this property of Prybil's before you got your listing, had it not?" Plaintiff's objection on the ground of materiality was sustained.

No offer of proof was made, and therefore no error was preserved. Busker v. Sokolowski, 203 N.W.2d 301, 303 (Iowa 1972). Also, we believe trial court did not abuse its discretion in sustaining the objection. We agree with defendants that under their theory of defense evidence of the fact of B.D.I's prior interest in the property was admissible. Larson v. Thoma, 143 Iowa 338, 121 N.W. 1059 (1909). However, whether plaintiff actually knew of that interest was immaterial. The fact of B.D.I's interest was fully shown by other evidence which was admitted. For example, a realtor testified he had presented a written offer from B.D.I. to Howard in 1965. Although the court might well have overruled the objection, it did not commit reversible error in sustaining it.

The other two challenged rulings occurred during the testimony of Robert Osmundson. The witness had probated the Prybil estate, represented Gladys Spies in the first partition action, later represented B.D.I., and at the time of trial was a district court judge. At one point Judge Osmundson volunteered he had advised Gladys Spies that B.D.I. was interested in purchasing the farm. Plaintiff's objection on the ground of hearsay was sustained, and the answer was stricken. The ground of the objection was good. Vine Street Corporation v. City of Council Bluffs, 220 N.W.2d 860, 862 (Iowa 1974). The Court's ruling was right.

Several questions were asked seeking to elicit Judge Osmundson's opinion as to who produced B.D.I. as a purchaser. Objections to these questions were sustained. An offer of proof was made in which the witness testified he believed his efforts and not plaintiff's were the efficient cause of the sale.

Plaintiff made inadequate objections to this testimony. However, since the objections were sustained the rulings will be upheld if the evidence could be held inadmissible on any theory, even though not urged in the objections. Porter v. Iowa Power and Light Company, 217 N.W.2d 221, 231 (Iowa 1974).

The receipt of opinion evidence rests largely in the discretion of trial courts, and we will not reverse their rulings unless manifest abuse of discretion is shown. Ganrud v. Smith, 206 N.W.2d 311, 314 (Iowa 1973). We find no abuse of discretion here.

There are at least three grounds on which the evidence could have been held inadmissible. One is that the court could have found the foundation for the opinion was inadequate. If the factual foundation for an opinion is insufficient it is nothing more than conjecture. Bernal v. Bernhardt, 180 N.W.2d 437, 441 (Iowa 1970); Tiemeyer v. McIntosh, 176 N.W.2d 819, 824 (Iowa 1970). Here the witness knew what he had done but not what plaintiff had done to effect the sale. Furthermore he was not familiar with negotiations conducted directly with plaintiff by officers of B.D.I. The court may have concluded he had insufficient information upon which to base an opinion.

In addition, the court could have found the opinion to be superfluous. The witness fully testified to what he did in relation to B.D.I.'s purchase of the property. He was

not testifying as an expert but simply as a witness with special knowledge of the events in which he participated. Trial court may have felt it was sufficient for the witness to detail the events and let the jury draw the inferences. An opinion which is not likely to assist the jury need not be received. See Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 651 (Iowa 1970); Henneman v. McCalla, 260 Iowa 60, 78, 148 N.W.2d 447, 458 (1967); 7 Wigmore on Evidence, § 1918 (Third Ed. 1940); McCormick on Evidence, § 12 at 26 (Second Ed. 1972).

Finally, the court may have viewed the questions as calling for an opinion on a question of law. In Grismore v. Consolidated Products Co., 232 Iowa 328, 361, 5 N.W.2d 646, 663 (1942), this court said:

"When a standard, or a measure, or a capacity has been fixed by law, no witness, whether expert or non-expert, nor however qualified, is permitted to express an opinion as to whether or not the person or the conduct, in question, measures up to that standard. On that question the court must instruct the jury as to the law, and the jury must draw its own conclusion from the evidence."

See 7 Wigmore on Evidence, supra, § 1952; McCormick on Evidence, supra, at 28–29. The concept of efficient producing cause involves a legal standard upon which the court did later instruct the jury.

We hold trial court did not abuse its discretion in sustaining plaintiff's objections to the questions calling for Judge Osmundson's opinion on that issue.

■ III. Defendants' assignments of error relating to the court's instructions involve either instances in which error was not preserved by exceptions at trial or instances in which alleged error occurred in instructions on plaintiff's implied contract theory. Objections to instructions may not be raised for the first time on appeal, Pose v. Roosevelt Hotel Company, 208 N.W.2d 19, 25 (Iowa 1973), and, since the jury found

for plaintiff on his express contract theory, any error in the instructions on implied contract is moot.

We find no merit in any of defendants' assignments of error.

■ IV. One final matter requires attention. Defendants contend plaintiff caused unjustified expense by unnecessary designation of testimony for inclusion in the appendix. See rule 344.1(b), Rules of Civil Procedure. We agree with defendants that much of the testimony designated by plaintiff had no bearing on the issues involved in the appeal. The total cost of printing the appendix was $400.50. Plaintiff is taxed with $300 of that cost.

Affirmed.