Leighton A. WEDERATH, Appellant,

v.

Larry BRANT and Anita Brant, His Wife, Appellees.

No. 66490.

Supreme Court of Iowa.

May 19, 1982.

David E. Green and James Furey, Carroll, for appellant.

Robert L. Horak of Pauley, Horak & Mumma, Jefferson, and David L. Phipps and Kenneth W. Biermacher of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellee.

Considered by UHLENHOPP, P. J., and ALLBEE, McGIVERIN, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves the effect of the failure of a jury to agree on some of several special verdicts submitted for decision. The underlying controversy has been before this court twice previously. *Wederath v. Farmers Elevator Co-operative, Inc.*, No. 58229 (dismissed March 16, 1977); *Wederath v. Brant*, 287 N.W.2d 591 (Iowa 1980) (summary judgment reversed).

Plaintiff Leighton A. Wederath and defendants Larry and Anita Brant negotiated regarding a lease by the Brants of Wederath's half-section farm. Larry Brant, whom we will call Brant, claims that the lease was to be for three years. The written lease Wederath tendered, however, was for one year—from July 1, 1974, to July 1, 1975. The Brants were aware of the one-year term but signed the lease anyway, after getting the months in the lease changed from July 1 to July 1, to March 1 to March 1.

Relations between Wederath and Brant deteriorated during the term of the lease, and Wederath caused a notice of termination of tenancy and a notice to quit to be served on the Brants.

The Brants paid the rent for the term of the lease but did not vacate the premises at the expiration of the term and held over for two years. Wederath commenced the prior litigation regarding the holdover, but that litigation did not resolve the controversy. He then commenced the present action in which he seeks, in count I, the rental value of the farm for the two holdover years and, in count II, an equal sum for willfully holding over, under this portion of section 562.2, The Code 1979:

[A] tenant ... willfully holding over after the term, and after notice to quit, shall pay double the rental value thereof during the time he holds over to the person entitled thereto.

Wederath alleged that the reasonable rental value of the farm was $75 per acre for the first year of the holdover and $90 per acre for the second year.

The action was tried by jury. The only issues submitted to the jury were the reasonable rental value for each of the two years the Brants held over and the willfulness of the Brants in holding over. Hence the trial court submitted four special verdicts to the jury for the following findings:

1. The rental value for the 1975 crop year.

2. The rental value for the 1976 crop year.

3. Whether the Brants willfully held over during the 1975 crop year.

4. Whether the Brants willfully held over during the 1976 crop year.

The parties agreed on sealed verdicts, and the jury returned verdicts for $10,242 on verdict 1 and for $11,173 on verdict 2. This amounted to about $33.50 cash rent for the farm per acre per year. The jury hung, however, on verdicts 3 and 4. The trial court received verdicts 1 and 2 but held as to verdicts 3 and 4:

The court concludes that Plaintiff has the burden of proof under Count II of his Petition to establish that the holding over by Defendants was done "wilfully" as required by Chapter 562.2 of the Iowa Code. The failure of the jury to reach a verdict on said issue for the year 1975 and for 1976 constitutes a finding by the jury that the Plaintiff has failed to carry its burden of proof. This court concludes that because of failure of Plaintiffs to carry the burden of proof as to Count II of Plaintiff's Petition the said Count II should be dismissed.

Wederath moved for retrial because of the failure of the jury to return verdicts 3 and 4. The trial court overruled the motion, holding:

This Court by Instruction 4 clearly advised the jury that the burden of proof was on Plaintiff "to prove the allegation by Plaintiff that the Defendants held possession of the premises wilfully...." The only value of an affirmative answer would have been to double the amount of rental fixed by the jury in answer to Interrogatories (a) and (b) and the failure to answer the Interrogatories on wilfulness did not relate to any other of the elements of Plaintiff's case above referred to.

In this situation the court believes that the failure to persuade all or all but one of the jurors to give an affirmative answer to the interrogatories in question constitutes a finding that the Plaintiff has failed to carry his burden of proof.

Wederath appealed. The appeal presents these issues: (1) Did the failure of the jury to agree on verdicts 3 and 4 amount to verdicts against Wederath on the issue of willfullness; (2) Did Wederath generate a jury question on the willfullness issue; and (3) Did Wederath waive this appeal by accepting the Brants' payment of the rent under verdicts 1 and 2?

I. *Effect of mistrial on verdicts 3 and 4.* This is not a case in which a jury returns a general verdict but fails to answer special interrogatories which are necessarily concluded by the general verdict, *Weede v. Briar*, 232 Iowa 972, 5 N.W.2d 157 (1942), or which are unnecessary to support the general verdict. *McMarshall v. Chicago, R.I. & P. Ry.*, 80 Iowa 757, 45 N.W. 1065 (1890); *Bree v. Jalbert*, 87 N.J.Super. 452, 209 A.2d 836 (1965) (comprehensive treatment of subject). See Annot., 155 A.L.R. 586 (1945). *Cf. Black v. Riker-Maxson Corp.*, 401 F.Supp. 693 (S.D.N.Y.1975) (some questions unanswered but other answers conclusively disposed of case). In this case the finding of the rental value for 1975 and 1976 under verdicts 1 and 2 in no way tells us whether the Brants' holding over was or was not willful. The second two verdicts are not answered by the first two verdicts.

Likewise, the failure of the jury to agree on the second two verdicts does not amount to a finding against Wederath on willfullness. True, Wederath had the burden to persuade the jury of willfullness. A plaintiff in a civil action generally has the burden of persuasion but a hung jury does not amount to a finding against him; it constitutes a mistrial, and the issues stand for retrial. Iowa R.Civ.P. 200 ("The case shall be retried immediately or at a future time, as the court directs."); *Harden v. Illinois Central R. R.*, 254 Iowa 426, 429, 118 N.W.2d 76, 77 (1962) ("It was the mandatory duty of the trial court to retry this case without undue delay. The parties were returned to their original positions."). See *Roberts v. Pierce*, 398 F.2d 954 (5th Cir. 1968) (error to grant judgment n. o. v.).

The United States Supreme Court addressed the failure of a jury to return some of several special findings in *Iacurci v. Lummus Co.*, 387 U.S. 86, 87 S.Ct. 1423, 18 L.Ed.2d 581 (1967) (per curiam). In that case the trial court submitted to the jury the issue of negligent design of a product by the defendant-respondent, asking, if the jury found negligent design, which of five specified design aspects were unsafe. The jury answered one of the questions affirmatively but did not answer the other four. On appeal, the court of appeals held the evidence was insufficient to establish the respect which the jury answered affirmatively, and directed judgment for the defendant-respondent. On subsequent review the Supreme Court stated that if the jury was unable to agree on the other four issues, the situation we have here, the petitioner-plaintiff would "clearly" be entitled to retrial, at least as to those issues. Unlike the present case, however, the record apparently did not disclose the reason the jury failed to answer the four questions. The Supreme Court returned the case to the trial court for resolution of that problem, stating:

Perhaps the jury intended to resolve these questions in respondent's favor; but *the jury might have been unable to*

*agree on these issues,* or it simply might not have passed upon them because it concluded that respondent had negligently designed the hoist in another respect. *In either of the latter two situations, petitioner would clearly deserve a new trial,* at least as to those unresolved issues of negligence. See *Union Pacific R. Co. v. Bridal Veil Lumber Co.,* 219 F.2d 825 [ (9th Cir.) ]; 5 Moore Federal practice ¶ 49.03[4] at 2208 (1964 ed.). Under these circumstances we think the Court of Appeals erred in directing entry of judgment for respondent; the case should have been remanded to the Trial Judge, who was in the best position to pass upon the question of a new trial in light of the evidence, his charge to the jury, and the jury's verdict and interrogatory answers.

*Id.* at 87–88, 87 S.Ct. at 1424, 18 L.Ed.2d at 583 (emphasis added).

In the *Union Pacific* case cited by the Court the trial court submitted a case for special findings, one of which the jury left unanswered being divided on it six-and-six. The jury answered the other questions in the defendant's favor. The burden of proof was on the plaintiff as to all the questions. The trial court entered judgment for the defendant—as though the unanswered question had been answered negatively. The court of appeals reversed, saying:

> To this court, it seems that the disagreement of the jury on one vital question left a gaping hole in the special verdict. Though it can be argued that other questions necessarily implied the element of keeping a proper lookout it is obvious in submitting the question of lookout the trial judge thought it meant something different and apart from the other questions. And the jury's failure to agree on "lookout" buttresses this conclusion and shows it must not have included "lookout" as a factor in the other questions. Therefore, the conclusion is that it was error in the face of the unanswered question for the trial court to thereafter "go it alone" and dispose of the case. In

view of this, the judgment must be reversed for a new trial. To do other than send the case back for a new trial when decision on a vital issue by the jury is missing would deprive the parties of the jury trial to which they are entitled constitutionally.

219 F.2d at 831–32.

Subsequent to *Iacurci,* the Third Circuit decided *Franki Foundation Co. v. Alger-Rau & Associates, Inc.,* 513 F.2d 581 (3rd Cir. 1975). There the jury answered special findings 1 and 2 but not 3, 4, and 5. The trial court, after a new-trial motion was filed, entered judgment as though findings 3, 4, and 5 were unproved. The court of appeals, citing *Iacurci,* held that a retrial was necessary, at least as to finding 3 and also on 4 and 5 if 3 was answered affirmatively. (Findings 4 and 5 were, under the instructions, to be answered if the finding on 3 was affirmative.) In so holding the court stated:

> Finally, we have concluded that a remand of the case to the district court for determination by it of the grant of a new trial on the issues covered by interrogatories 3–5 would not be appropriate on the facts in this record, because the new trial motion has already been affirmatively called to the attention of the district court as noted above. In 5A Moore's Federal Practice ¶ 49.03[4], at page 2217, the author says:
>
> > "[I]f the jury fails to find on an issue actually submitted to it, since the right to jury trial thereon has not been waived, a new trial, at least as to such issue, is necessary . . . ."

*Id.* at 587. *See also id.* at 585 ("we have no way of knowing whether the trial judge's attention was directed to the possibility that Question 3 might not have been answered because the jurors were '*unable to agree* on [the issue]' presented by that question, *in which event the defendant would have been entitled to a new trial,* as plaintiff concedes" (emphasis added)); 5A *Moore's Federal Practice* ¶ 49.03[4], at 49–

27 (1981) ("Of course, if the jury fails to find on an issue actually submitted to it, since the right to jury trial thereon has not been waived, a new trial, at least as to such issue, is necessary, unless the jury has not been dismissed before the omission is discovered, in which case the issue should be resubmitted.").

After considering our own decisions and the other authorities we hold that retrial may not be required on account of unanswered special findings if those findings are necessarily concluded by other findings or are unnecessary to judgment. Otherwise retrial is necessary, at least as to the unanswered findings, and the jury's failure to answer them is not to be taken as findings on them against the party having the burden of persuasion. This conclusion conforms with our rules of civil procedure. See Iowa R.Civ.P. 204 and 205, and A. Loth, *Procedure Under Iowa Rules*, 29 Iowa L.Rev. 35, 40 (1943).

In this case no necessity exists to retry the issues involved in verdicts 1 and 2, but the trial court should have directed retrial of the issues in verdicts 3 and 4.

II. *Sufficiency of evidence.* We have examined the record and hold that it contains abundant evidence to support a jury finding of willfulness.

III. *Partial acceptance.* On February 6, 1981, the jury returned its verdicts totaling $21,415 as the reasonable rental value for the two years. On February 12, 1981, the trial court entered judgment in that amount plus interest and costs, and dismissed the claims for willfully holding over. The Brants promptly paid the amount of the judgment to the clerk.

On February 13, 1981, Wederath accepted the money from the clerk and filed the following "Acknowledgment of Partial Acceptance of Judgment":

> Comes now the Plaintiff and acknowledges satisfaction of his judgment under Count I of his petition in the amount of

$21,415.00 plus legal interest from January 30, 1980.

> However, he reserves his right to appeal and right to a motion for a new trial under Count II of his petition wherein the jury was hopelessly deadlocked and the Court dismissed the jury because they could not agree.

Thereafter Wederath filed a motion for retrial on the ground that since the jury hung on count II another trial was required on that count. The Brants filed a resistance, the trial court overruled the motion for retrial, and Wederath appealed. The Brants claim that Wederath waived his right to appeal on count II by accepting payment under count I.

The first problem we have with the Brants' waiver claim is that they raised it in this court by motion to dismiss on June 24, 1981, and this court denied the motion by order on July 20, 1981. The Brants took no further action with respect to that order. On August 21, 1981, however, the Brants raised the same issue as a proposition in their brief.

We question that a party can proceed in such manner, otherwise our orders on motions would not have finality regarding the point ruled on. Be that as it may, however, we believe our previous order overruling the motion to dismiss was correct on the merits.

Formerly this court was quite strict about waiver upon paying or accepting payment of a judgment. More recently we have relaxed the waiver rule considerably. Chronologically the decisions are: *Vermeer v. Sneller*, 190 N.W.2d 389, 395 (Iowa 1971) (appellants paid the costs in order to clear title to property, held: no waiver—appellants had not "knowingly and intentionally, with knowledge of the circumstances waived their right to a decision from this court."); *Sound Storm Enterprises, Inc. v. Keefe*, 209 N.W.2d 560, 565 (Iowa 1973) (plaintiff in original certiorari proceeding in this court paid part of fines levied by dis-

trict court, held: no waiver—"This does not constitute a review precluding satisfaction of judgment."); *Hegtvedt v. Prybil*, 223 N.W.2d 186, 188–89 (Iowa 1974) (payment of judgment under compulsion of court order, held: no waiver—"To constitute waiver of the right to appeal, the judgment would have to be paid by the judgment debtor voluntarily and intentionally, with knowledge of the circumstances."); *In re Marriage of Abild*, 243 N.W.2d 541, 543 (Iowa 1976) (appellee paid judgment he conceded, appellant accepted it and claimed more on appeal, held: no waiver—"Helen's right to receive the amount provided in the decree is thus uncontroverted; the issue is whether she should have more. Her acceptance of part of the award was not inconsistent with her claim that she was entitled to a greater award."); *Millsap v. Cedar Rapids Civil Service Comm.*, 249 N.W.2d 679, 683 (Iowa 1977) (appellant accepted back pay and reinstatement awarded by commission but challenged demotion on appeal, held: no waiver—"To hold that by going back to work he waived his right to appeal . . . is a degree of sophistry in which we refuse to indulge."); *Starke v. Horak*, 260 N.W.2d 406, 407–08 (Iowa 1977) (appellant paid part of judgment and reserved right to appeal as to balance, held: no waiver—"Horak emphasizes two factors here: the judgment was not paid in full, and she expressly reserved the right to appeal. . . . We need not now decide whether partial payment or reservation of appeal rights, standing alone, avoids waiver of the right to appeal. We have both factors here, and we hold that they preclude waiver."); *Yeager v. Durflinger*, 280 N.W.2d 1, 4 (Iowa 1979) (appellant compelled to satisfy judgment by appellee's levy and lender's refusal to lend unless judgment cleared, held: no waiver—"Thus, that satisfaction cannot be termed voluntary within any usual sense of the word."); *Medd v. Medd*, 291 N.W.2d 29, 32 (Iowa 1980) (appellee tendered minimum amount it contended to be due and appellant accepted, held: no waiver—"In accept-

ing the defendant's payment, Robert, by letter, made clear that he did not intend to waive his right to appeal, but was accepting the amount tendered as it was concededly the minimum amount due him. Under these circumstances, we cannot conclude that Robert waived his right to appeal or accepted the payment as an accord and satisfaction of his claim."); *Poulsen v. Russell*, 300 N.W.2d 289, 293 (Iowa 1981) (appellants served notice of forfeiture and levied execution, held: no waiver—"There has been a definite trend in Iowa away from the harsh rule that acceptance of a judgment invariably waives the right to appeal."); and *Johnson v. Johnson*, 301 N.W.2d 750, 752–53 (Iowa 1981) (appellant accepted return of taxes and insurance as decree required, held: no waiver—"Implicit in this so-called appellate waiver doctrine is the requirement that the waiver be made voluntarily, intentionally and with knowledge of the circumstances. . . . While defendants have provided support for their motion [to dismiss appeal] by means of an affidavit and the check involved, this evidence is inadequate to demonstrate that Betty voluntarily and knowingly waived her right to appeal.").

If the Brants were dissatisfied with verdicts 1 and 2, they could have originally moved for a new trial or appealed. Instead, they paid the judgment. Their attorney must have known that Wederath still had time to move for a new trial and to appeal. Moreover, their attorney must have been aware of our line of decisions liberalizing the right to appeal after accepting fruits of judgment. Wederath did not represent to the Brants that he would waive his right to appeal if they would pay the judgment; and after the Brants paid the judgment, they did not change their position to their detriment in any way. We hold that Wederath did not waive his right to appeal as to verdicts 3 and 4.

We return the case to district court.

REVERSED.