HOME–CREST
CORPORATION, Appellant,

v.

Bobby J. ALBRIGHT, Bonnie J.
Albright, and Albright Kitchen
Corporation, Appellees.

No. 86–445.

Supreme Court of Iowa.

Oct. 21, 1987.

Alan A. Anderson, Polk City, and Roger
J. Hudson and Steven H. Shindler of Wim-
er, Hudson, Flynn & Neugent, Des Moines,
for appellant.

Donald G. Beattie and J. Kirk Norris,
Altoona, for appellees.

LARSON, Justice.

The plaintiff, Home–Crest Corporation, a
cabinet manufacturer, sued the defendants,
Albrights, on an open account for merchan-
dise furnished to them. Albrights counter-
claimed for breach of an alleged franchise
agreement, fraud, and detrimental reliance.
The jury returned a verdict in favor of
Albrights on their counterclaim but did not
return a verdict either way on Home–
Crest's suit on the open account. The
plaintiff's posttrial motions to correct the
matter were denied, and they appealed.

The court of appeals held there was no appellate jurisdiction because the district court had no authority to extend the time for appeal, and that an order of this court allowing a late appeal under Iowa Rule of Appellate Procedure 20(b) was ineffective.

On our further review, two broad issues are raised: (1) whether we have jurisdiction of the appeal; and (2) whether the plaintiff is entitled to a new trial, based on the failure of the jury to respond to the verdict forms and on the alleged insufficiency of the evidence. We hold that we have jurisdiction and that the case must be remanded for disposition of the plaintiff's claim.

The jury verdict was rendered on September 27, 1985. Home–Crest filed a motion to enlarge the findings of the jury and a motion to set aside the verdict on the ground that the jury had not responded to the verdict forms. On January 31, 1986, the district court entered an order overruling Home–Crest's motions, but the clerk of court failed to send a copy of the order to Home–Crest in time for it to appeal within the thirty days allowed under Iowa Rule of Appellate Procedure 5(a).

On March 11, 1986, Home–Crest filed a motion with the district court to enlarge the time for filing of an appeal. The district court granted Home–Crest ten days in which to file a notice of appeal, and on the same day, Home–Crest filed the notice of appeal.

Apparently in an abundance of caution, Home–Crest filed a motion with the supreme court the next day for an extension of time in which to file its notice of appeal. *See* Iowa R.App.P. 20(b) (extends time for filing notice of appeal when copy of order not furnished by clerk). By order of this court on April 8, 1986, Home–Crest was granted ten days to file its notice of appeal, but it did not file a second notice of appeal.

I. The initial question is whether the district court had jurisdiction to order the extension of time and, if not, whether the order of the supreme court had the effect of ratifying the earlier notice of appeal.

Home–Crest contends that the thirty-day appeal time could be extended by the district court under the authority of Iowa Rule of Civil Procedure 83(a). In relevant part, that rule provides:

> [T]he court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under R.C.P. 241, 243 and 244, except to the extent and under the conditions stated in them.

■ Without unduly extending this opinion, we point out that rule 83(a) which is a general rule, does not grant authority to the district court to extend the time in which to file a notice of appeal. A timely notice of appeal is jurisdictional, and only this court, acting under rule of appellate procedure 20(b) may extend that time.

■ The defendants contend that the order of this court authorizing the late appeal is ineffective because Home–Crest did not file a second notice of appeal, or refile the first one, in response to that order. We reject this argument. We do not believe it was necessary for Home–Crest to refile the notice of appeal; the order of this court of April 8, 1986, had the effect of ratifying the notice of appeal previously filed. We therefore proceed to a discussion of the merits.

II. The parties had no written agreement; but under the oral contract between them, Albrights claimed the exclusive right to purchase and distribute Home–Crest's kitchen cabinets within a fifty mile radius of Des Moines. From 1977 until early 1981, the parties enjoyed a satisfactory business relationship. In 1981, however, the Des Moines housing industry became depressed, and Albrights became delinquent in their payments to Home–Crest. Negotiations to resolve the problem broke down, and in 1984, Home–Crest's suit on its open account was filed for $5554.09. Albrights counterclaimed for breach of the alleged oral contract, fraud, and detrimental reliance.

The jury returned a verdict in favor of Albrights on their counterclaim for $85,000, but the verdict forms in connection

with Home–Crest's claim were left blank. The motion to enlarge and set aside the verdict was overruled. Home–Crest argues it was error for the district court to deny its posttrial motions raising the failure of the jury to act on its claim. It argues for a retrial, not only those under its own claim but those raised by Albrights' counterclaim as well.

 Albrights argue that the jury finding in their favor on the counterclaim necessarily precluded any further claim by Home–Crest, because the jury apparently took into account the primary claim by Home–Crest and simply gave Albrights the difference. In the alternative, Albrights argue that, if a remand is ordered, the only issue that should be retried is Home–Crest's claim on the open account and that the verdict on the counterclaim should be left intact.

This court addressed a similar situation in *Wederath v. Brant*, 319 N.W.2d 306 (Iowa 1982). In that case, the jury returned verdicts on the issue of the rental value of crop years but could not agree on the issue of an alleged willful holding over. We said that

> retrial may not be required on account of unanswered special findings if those findings are necessarily concluded by other findings or are unnecessary to judgment. Otherwise retrial is necessary, at least as to the unanswered findings, and the jury's failure to answer them is not to be taken as findings on them against the party having the burden of persuasion. This conclusion conforms with our rules of civil procedure.

*Id.* at 310.

Contrary to Albrights' contention, we cannot conclude that the jury's verdict on the open account necessarily is subsumed in its verdict on the counterclaim. The two issues are entirely separate. We hold, as we did in *Wederath*, that a retrial of the Home–Crest claim should be held, but that the verdict rendered on behalf of Albrights against Home–Crest should remain intact. *See generally Iacurci v. Lummus Co.*, 387 U.S. 86, 87 S.Ct. 1423, 18 L.Ed.2d 581 (1967) (per curiam); *Franki Found. Co. v.*

*Alger–Rau & Assocs., Inc.*, 513 F.2d 581 (3d Cir.1975); *Union Pac. R.R. v. Bridal Veil Lumber Co.*, 219 F.2d 825 (9th Cir. 1955).

We conclude that this court has jurisdiction of the appeal and that there is no basis, on any of the grounds urged by Home–Crest, for reversal of the counterclaim. A remand for disposition of Home–Crest's claim on its open account, however, is required. We therefore vacate the court of appeals decision and affirm the district court judgment on the counterclaim, reverse its order denying Home–Crest's posttrial motions concerning disposition of its claim for the open account, and remand for further proceedings in accordance with this opinion.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

All Justices concur except SNELL, J., who takes no part.