**Rick C. KETTELLS and Stephanie Kettells, Appellants,**

v.

**ASSURANCE COMPANY OF AMERICA, Appellee.**

No. 99–1937.

Supreme Court of Iowa.

May 8, 2002.

J. Russell Hixon, Clive, for appellants.

Joseph A. Happe and Patrick D. Smith of Huber, Book, Cortese, Happe & Brown, P.L.C., Des Moines, for appellee.

LARSON, Justice.

Rick and Stephanie Kettells sued their underinsured motorist insurance carrier and obtained a judgment against it. The plaintiffs collected on the judgment and then filed posttrial motions under Iowa Rules of Civil Procedure 244 (new trial) and 252 (vacation or modification of judgment). (These rules have recently been renumbered 1.1004 and 1.1012, respectively.) The district court denied the posttrial motions, and the plaintiffs appealed. We dismiss the appeal as waived.

### I. *Facts and Prior Proceedings.*

Rick Kettells was injured in an automobile accident in 1996. He and his wife settled with the other driver. Then they sued their own carrier, Assurance Company of America (ACA), for underinsured-motorist benefits. A jury returned a verdict for the Kettells for $146,177. The court reduced that amount by the amount received from the original tortfeasor and entered judgment for the difference, with interest. The Kettells accepted the judgment proceeds, then filed their posttrial motions and, ultimately, this appeal. According to the plaintiffs, they filed their posttrial motions to hopefully get a new trial and increase the size of the verdict because "Rick Kettells [had] suffered a decline in his medical condition" since the trial. They accepted the proceeds of the judgment, however, because to do otherwise "would have jeopardized our 1–½ years of interest on $106,765.19"; they did not intend to waive their right of appeal, according to them.

### II. *The Issue.*

While the Kettells raised substantive issues concerning the trial court's evidence rulings, and ACA responded, we believe the dispositive issue on appeal is the one raised by ACA: Did the Kettells waive their right of appeal by accepting and retaining, for over a year, the proceeds of the judgment?

### III. *Resolution.*

The general rule is that

where a party, knowing the facts, voluntarily accepts the benefits, or a substantial part thereof, accruing to him under a judgment, order, or decree, such acceptance operates as a waiver or release of errors, and estops him from afterward maintaining an appeal or writ of error to review the judgment, order, or decree or deny the authority which granted it. . . .

4 C.J.S. *Appeal and Error* § 193, at 267–68 (1993). Our case law has generally been consistent with that rule. *See, e.g., Wederath v. Brant,* 319 N.W.2d 306, 310–11 (Iowa 1982). We noted in that case that

[f]ormerly this court was quite strict about waiver upon paying or accepting

payment of a judgment. More recently we have relaxed the waiver rule considerably.

*Id.* at 310.

In *Wederath* we held acceptance of proceeds under one count did not waive the right to appeal on another count. In that case, we listed several of the more recent cases relaxing the strict rule of appellate waiver. *Id.* at 310; *see also Johnson v. Johnson,* 301 N.W.2d 750, 752–53 (Iowa 1981) (appellant accepted $131.86 in payment of taxes and insurance on the subject property as required by the decree; subject of appeal, involving action for partition, was left intact); *Medd v. Medd,* 291 N.W.2d 29, 32 (Iowa 1980) (acceptance of part of judgment as to which there was no dispute held not to waive right of appeal); *Starke v. Horak,* 260 N.W.2d 406, 407–08 (Iowa 1977) (appellant accepted only part of proceeds and expressly reserved her right to appeal; no waiver found); *Millsap v. Cedar Rapids Civil Serv. Comm'n,* 249 N.W.2d 679, 683 (Iowa 1977) (acceptance of reinstatement and back pay did not waive right to appeal demotion); *In re Marriage of Abild,* 243 N.W.2d 541, 543 (Iowa 1976) (acceptance of uncontroverted part of judgment held not to waive right of appeal); *Hegtvedt v. Prybil,* 223 N.W.2d 186, 188–89 (Iowa 1974) (payment of judgment under compulsion of court order held not to waive right of appeal); *Sound Storm Enters., Inc. v. Keefe,* 209 N.W.2d 560, 565 (Iowa 1973) (appellant paid part of fines levied in district court; held not to be a waiver); *Vermeer v. Sneller,* 190 N.W.2d 389, 395 (Iowa 1971) (appellants paid costs to clear title to property; held not to constitute waiver of appeal).

One authority has given other examples of actions that do not result in appellate waiver:

[T]he right to appeal or bring error is not waived where the judgment or decree is of such a character, or the circumstances are such, that there is no inconsistency between such enforcement and the appeal or proceeding in error, or where the execution is returned unsatisfied, or was issued without authority from appellant who refused to receive the money collected, or where the judgment was executed by the sheriff over appellant's objection and protest, or where appellant is entitled to the amount of the judgment in any event.

So, also, the right of appeal is not waived by appellant's action in causing the judgment for an abstract thereof to be recorded, and thereby merely impressing a lien on appellee's property.

4 C.J.S. *Appeal and Error* § 196, at 272 (footnotes omitted). None of these exceptions to appellate waiver apply in this case. The plaintiffs, however, argue that their case falls under a new and novel exception, based on the fact the defendant had paid the amount of the judgment into district court. They contend:

Such payment ended Defendant's obligation to pay interest on the judgment. Therefore, Plaintiffs were left in a precarious situation with respect to their decision to appeal the rulings of the District Court. If the Plaintiffs did not accept the Defendant's check and put the money in the bank, they would lose all of the interest that would accumulate on the monies thereafter. This [loss] of interest would be irreparable if this Court were to ultimately find that the District Court judgment should be affirmed. Were this to happen, the Plaintiffs would have lost in excess of 1–½ years of interest on the payment of $106,765.19. On the other hand, if the Plaintiffs accepted the Defendant's check in the amount of $106,765.19, they could put the money in the bank and

wait to see what the outcome of their appeal was to this Court. . . .

From a [reality] standpoint, the Plaintiffs had no choice but to accept a check from the Defendants. Had they not done so they would have jeopardized over 1-½ years of interest on $106,765.19. In addition, *Plaintiffs would submit that there is little doubt about the fact that on any retrial, Plaintiff will be awarded more than the $146,177 awarded by the jury in the first trial.* Plaintiff would submit that the appellate waiver doctrine is inapplicable to the case at bar and the appeal before this Court should be decided on its merits.

(Emphasis added.)

The plaintiffs' appeal does not merely concern an uncontroverted part of the subject matter of the judgment as it did in some of our cases. Nor did they accept only a portion of the judgment award, such as taxes and insurance, as the appellant did in another case in which we found no waiver. To hold that the plaintiffs' receipt of the judgment proceeds did not amount to a waiver of the right to appeal, simply so they would not lose interest on the judgment proceeds, would establish a precedent that would encourage plaintiffs to take the suit benefits and then file an appeal in an attempt to get more. While the plaintiffs contend there is "little doubt" they will prevail on any retrial and get even more damages, this is not a certainty. Moreover, it would be unfair to the defendant who, following the trial and the plaintiffs' acceptance of the judgment proceeds, is entitled to put the matter to rest.

The plaintiffs were not compelled to take the judgment proceeds. They did so only to maintain a hold on the interest collectible on their recovery. We reject their argument that they should be self-appointed custodians of the suit proceeds and be allowed to hold them pending the appeal. Such a theory has no support in law or in practicality. We hold the defendant has established a waiver of the right of appeal, and we therefore dismiss it.

**APPEAL DISMISSED.**