# IN THE COURT OF APPEALS OF IOWA

No. 12-2156
Filed August 13, 2014

**JAYSEN MCCLEARY,**
    Plaintiff-Appellant.

**vs.**

**STEVE ECKLEY and POLK
COUNTY BAR ASSOCIATION
FEE ARBITRATION COMMITTEE,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


Jaysen McCleary appeals from the denial of his application to vacate the

Polk County Bar Association Fee Arbitration Committee's arbitration award.

**AFFIRMED.**


Jaysen McCleary, Des Moines, pro se appellant.

Stephen R. Eckley of Belin McCormick, P.C., Des Moines, pro se

appellee.

Steven P. Wandro and Kara M. Simons of Wandro & Associates, P.C.,

Des Moines, appellee PCBA Fee Arbitration Committee.


Considered by Vaitheswaran, P.J., Bower, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Jaysen McCleary appeals from the denial of his application to vacate the Polk County Bar Association Fee Arbitration Committee's arbitration award. On appeal, he challenge's the neutrality of the Committee members. He also challenges the district court's conduct during the hearing on his application, its characterization of McCleary's conduct during the pendency of the action, and its determination the doctrine of accord and satisfaction bars relief.

## I. BACKGROUND FACTS AND PROCEEDINGS.

McCleary was engaged in a contract dispute with his former employer in October 2007 when he sought the assistance of Steve Eckley of the Belin Law Firm. The attorney-client relationship between McCleary and Eckley ended in December 2007. During that time, Eckley billed McCleary for eighty-nine hours of work in the amount of $28,489.66, which McCleary paid in full.

On February 22, 2011, McCleary filed a complaint with the Committee. Following a hearing, the Committee issued a ruling that reduced Eckley's bill by ten hours, reducing the amount McCleary owed for his serves by $3050. Eckley refunded McCleary this amount in a cashier's check, which he sent the Committee. The Committee chairperson forward the check to McCleary on January 27, 2012, with a letter stating in part: "I did receive your telephone call concerning a possible appeal of the decision."

After receiving and depositing Eckley's check, McCleary filed an application to vacate the arbitration award. The district court rejected McCleary's claims and denied the application, finding McCleary failed to prove there was

"evident partiality" by Committee members or that the arbitration decision was not supported by substantial evidence. In the alternative, the court found McCleary's application was barred by the doctrine of accord and satisfaction.

McCleary then brought a motion to amend and enlarge, arguing the presiding judge should have recused himself because he had personal knowledge "that what Eckley was testifying to was not the [sic] accurate." McCleary also took issue with the court's characterization of the facts and McCleary's arguments, and sought a ruling on his claim the arbitrators "exceeded their powers." In ruling on the motion, the court concluded there was no basis for recusal, clarified it had considered an exhibit McCleary introduced into evidence, and concluded McCleary's claim the Committee exceeded its power "has no merit." It overruled the remaining issues raised in the motion.

## II. SCOPE AND STANDARD OF REVIEW.

We review the denial of the application to vacate for corrections of errors at law, and "every reasonable presumption will be indulged in favor of the legality of an arbitration award." *See Humphreys v. Joe Johnston Law Firm, P.C.*, 491 N.W.2d 513, 514 (Iowa 1992).

## III. ANALYSIS.

As long as an arbitrator's award does not violate one of the provisions of Iowa Code section 679A.12(1) (2011), we will not correct errors of fact or law. *Ales v. Anderson, Gabelmann, Lower & Whitlow, P.C.*, 728 N.W.2d 832, 839 (Iowa 2007). While McCleary alleged several grounds for vacating the award under section 679A.12(1), he only addressed his claim the award must be

vacated because there was evidence of partiality by Committee members. He argues partiality is shown because (1) Committee member Michael Burdette's wife worked for Eckley and (2) Committee chairperson Jim Sayre's wife knew Eckley's wife, and (3) Sayre had been re-appointed as chairperson by Eckley, who was president of the Polk County Bar Association.

In arguing the arbitration decision must be vacated due to evident partiality, McCleary cites the United States Supreme Court's interpretation of the United States Arbitration Act in *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 150, 89 S. Ct. 337, 340, 21 L. Ed. 2d 301, 305 (1968). Writing for a plurality of the court,[1] Justice Black cites to an Arbitration Association rule and the Canon of Judicial Ethics requirement that those trying cases or controversies "not only must be unbiased but also must avoid the appearance of bias." *Commonwealth Coatings*, 393 U.S. at 149-50, 89 S. Ct. at 339-40, 21 L. Ed. 2d at 305. However, Justice White's concurring opinion states that arbitrators "are not automatically disqualified by a business relationship with the parties before them if both parties are informed of the relationship in advance, or if they are unaware of the facts but the relationship is trivial." *Id.* at 150, 89 S. Ct. at 340, 21 L. Ed. 2d at 305-06. Instead, the Court held "that where the arbitrator has a substantial interest in a firm which has done more than trivial business with a party, that fact must be disclosed." *Id.* at 151-52, 89 S. Ct. at 340-41, 21 L. Ed. 2d at 306. As Justice White noted, the Court's ruling does not

---

[1] Because *Commonwealth Coatings* is a plurality opinion, "a majority of the Court did not endorse the 'appearance of bias' standard." *E.g.*, *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 644 n.5 (6th Cir. 2005).

hold arbitrators "to the standards of judicial decorum of Article III judges, or indeed of any judges." *Id.* at 150, 89 S. Ct. at 340, 21 L. Ed. 2d at 305.

The rules that govern Iowa judges' conduct require impartiality and avoiding the appearance of impropriety, but "[o]nly personal bias or prejudice is a disqualifying factor." *In re C.L.C. Jr.*, 798 N.W.2d 329, 336 (Iowa Ct. App. 2011). "A party must show actual prejudice before a recusal is necessary." *State v. Haskins*, 573 N.W.2d 39, 44 (Iowa 1997). Under this standard, McCleary's claim fails. McCleary is unable to demonstrate he was actually prejudiced by the nominal relationships between Burdette and Eckley, Sayre and Eckley, or their spouses.

McCleary's next arguments stem from a statement the judge made at the hearing, regarding personal knowledge he had about one of the Committee member's marital status. He argues the judge thereby violated Iowa Rule of Evidence 5.605 (prohibiting a presiding judge from testifying at trial as a witness) and should have recused himself pursuant to Iowa Code section 602.1606(1)(a) (disqualifying a judge who has personal knowledge of disputed evidentiary facts from acting in a proceeding unless the parties consent). The decision to recuse or not recuse is reviewed for an abuse of discretion. *See Taylor v. State*, 632 N.W.2d 891, 893 (Iowa 2001).

We find the judge conducted himself properly. When Eckley testified about a purported relationship between a Committee member and someone who allegedly worked for Eckley, the judge stated on the record his personal knowledge of the matter. The judge then stated, "So if that's a problem,

somebody can tell me now," and no one responded. The judge's statement disclosing of personal knowledge was not testimony as a witness, but was made in an effort to promote judicial transparency. While the judge also had personal knowledge of one of the facts in the case before him, this knowledge did not reasonably call his impartiality into question, and recusal was unnecessary. *See Haskins*, 573 N.W.2d at 44 ("If a judge's impartiality might reasonably be questioned because of . . . extrajudicial knowledge, the judge should recuse himself or herself."). There was no abuse of discretion.

McCleary also asserts the district court erred in failing to sustain the part of his motion to amend its findings and conclusions in which he requested that the court delete references to his alleged ex parte communications with the court. These references were made in response to McCleary's claim a Committee member's refusal to speak to him during a phone call was evidence of misconduct or bias. The court noted McCleary had "attempted to communicate with the court in the same manner," but that all attempts were rejected. In his motion, McCleary asserted he had "never communicated with this Court ex parte," and asked the court to "review its emails to find such evidence." For several reasons we find no reversible error on this issue.

First, contrary to McCleary's assertion, the district court did not find or state that McCleary had communicated with it ex parte. Rather, it found that Committee members had properly "refused to engage in ex parte

communications with McCleary,[2] and stated that although McCleary had *attempted* to communicate with it in the same manner, the court had rejected the attempts. Second, any absence of email attempts at ex parte communications with the court does not rule out attempts by other means.[3] Third, and perhaps most importantly, the court's finding and statement concerning ex parte communications were merely an attempt to explain why ex parte communications must be rejected, and that such rejections by the Committee did not constitute misconduct or provide evidence of bias on its part.

Finally, McCleary challenges the court's finding that the doctrine of accord and satisfaction bars his claim. Because we conclude McCleary failed to prove a provision of section 679A.12(1) was violated, we need not consider the accord-and-satisfaction argument as an alternate ground for affirming.[4]

Having rejected McCleary's arguments, we affirm.

**AFFIRMED.**

---

[2] The court's ruling indicates the attempts to communicate ex parte with Committee members were by telephone.

[3] The attempts to communicate ex parte with Committee members were by telephone. We also note that some of McCleary's emails sent to the court in fact do not appear to have also been sent to Steve Eckley, a pro se defendant in McCleary's action to vacate the arbitration award.

[4] Although the parties do not argue McCleary waived his right to appeal the arbitration ruling by cashing Eckley's check, we also note the "general rule" that

> where a party, knowing the facts, voluntarily accepts the benefits, or a substantial part thereof, accruing to him under a judgment, order, or decree, such acceptance operates as a waiver or release of errors, and estops him from afterward maintaining an appeal or writ of error to review the judgment, order, or decree or deny the authority which granted it.

*Kettels v. Assurance Co.*, 644 N.W.2d 299, 300 (Iowa 2002) (holding plaintiffs' receipt of judgment proceeds waived the right to appeal the award in an attempt to gain more).