**FRANKI FOUNDATION COMPANY,
a corporation**

v.

**ALGER–RAU & ASSOCIATES INC., a
corporation, Appellant.**

**No. 74–1769.**

United States Court of Appeals,
Third Circuit.

Argued Feb. 24, 1975.

Decided March 27, 1975.

Thomas P. Mulligan, Kathleen B. Burke, Jones, Day, Dockley & Reavis, Cleveland, Ohio, for appellant.

Charles R. Taylor, Jr., Moorhead & Knox, Pittsburgh, Pa., for appellee.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges a December 10, 1973, district court judgment in favor of plaintiff and against defendant in the amount of $24,837.00 ($21,979.65, with interest), together with costs, which was entered on the basis of answers by the jury to two of five special questions [1] submitted to the jury by the trial judge. The judge had made clear to the jury

1. The special questions read as follows:
   "1. Did Franki Foundation Company perform or substantially perform the Agreement. composed of the Proposal of June 6, 1969 and the Purchase Order of Alger-Rau dated August 6, 1969?
   Answer 'Yes' or 'No':_____YES_____
   IF YOUR ANSWER TO QUESTION 1 IS 'YES', YOU WILL ANSWER QUESTION 2. IF YOUR ANSWER TO QUESTION 1 IS 'NO', YOU WILL NOT ANSWER QUESTION 2 BUT WILL PROCEED TO ANSWER QUESTION 3.
   "2. What amount do you find to be the unpaid balance owing to Franki Foundation Company on this contract?
   Answer:_____$21,979.65 plus interest_____
   "3. Did Alger-Rau and Associates, Inc., incur expenses to complete the contract of Franki Foundation Company or incur additional expense in the performance of its own contract resulting from increased costs which flowed directly from the failure of

that if the jurors found that there had been substantial performance of the plaintiff's obligations under the contract described in Question 1, the jury should then determine the amount of the unpaid balance as described in Question 2. The judge then proceeded to charge concerning Question 3, as follows:

"Now, the third question about which I have instructed you is did Alger-Rau incur expense to complete the contract or incur additional expense in the performance of its own contract resulting from increased costs which flowed directly from the failure of Franki Foundation to perform its contract on time? Answer yes or no.

"This is the question about whether or not Alger-Rau had proven by the fair preponderance of the evidence that they are or are not entitled to the $38,000 which they're claiming.

"Now, if you would decide that they were entitled to the $38,000 which they are claiming, then you would have to go to question 4, which is what amount."

(N.T. 32)

When the jury returned its verdict, the transcript reveals that the following took place:

Franki Foundation Company to perform or substantially perform its contract?
Answer 'Yes' or 'No':_____
IF YOUR ANSWER TO QUESTION 3 IS 'YES', YOU WILL ANSWER QUESTIONS 4 AND 5. IF YOUR ANSWER TO QUESTION 3 IS 'NO', YOU WILL PROCEED NO FURTHER.
   "4. What is the amount of this increased cost, if any, incurred by Alger-Rau and Associates, Inc., as a result of the failure of Franki Foundation Company to perform its contract?
   Answer: $_____
   "5. Was Franki Foundation Company relieved from paying delay expenses considering the contract as a whole, including the provision that it would not be responsible for delay if Franki was furnished with ground condition information which was substantially different from the actual ground conditions which existed?
   Answer 'Yes' or 'No':_____ "

"THE COURT: Ladies and gentlemen of the jury, have you reached a verdict?

"THE FOREMAN: We have, your Honor.

"THE COURT: Would you transmit the verdict to the clerk?

"Now, ladies and gentlemen of the jury, you have answered question one as yes.

"You have answered question two as $21,979.65 plus interest, and that is what you intend the verdict to be in favor of the plaintiff for $21,979.65. Is that correct?

"THE FOREMAN: Yes, your Honor.

"THE COURT: And so say you all?

"(Whereupon, the jurors indicated affirmatively.)

"THE COURT: Now, ladies and gentlemen of the jury, that is the way that the Court will record the verdict. We will charge the interest, as I told you before, and will mold the verdict in accordance with those directions.

"Now, you are requested to report to the jury assignment room at nine o'clock Monday morning. It was a pleasure to have you in this courtroom.

. . . . .

"(Whereupon, at 11:51 o'clock a.m., the court was recessed.)"

(N.T. 2–3)

After the jury had been discharged, the defendant filed a motion for new trial and a motion for judgment n.o.v. on December 13, 1973. On December 14, 1973, the defendant filed a supplemental motion for new trial and the plaintiff filed its reply to such motions on December 20, 1973. On March 24, 1974, counsel for defendant filed a motion to withdraw his appearance, alleging the defendant had expressed dissatisfaction with his services and repeatedly refused to pay a substantial outstanding bill "representing a considerable amount of time and effort on the part of counsel." On April 8, 1974, counsel presently retained by defendant wrote a letter to the court, which concluded:

"I would respectfully ask the Court to consider these motions [filed by trial counsel] as presented, without any additional memorandum from or oral argument on behalf of defendant, and that the Court enter such order as the Court feels to be appropriate."

The above April 8 letter states that the post-trial motions "describe in some detail the matters relied upon by defendant in support of the motions." On April 15, 1974, the district court entered an order reciting the foregoing developments and containing this language, *inter alia:*

"It further appearing that at the time set for argument in the above proceeding, Counsel failed to appear, to present a Brief to the Court, or to otherwise prosecute the Motion for Judgment N.O.V. and Motion for a New Trial, IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Motions for a New Trial and for Judgment N.O.V. be and the same are hereby denied."

On May 15, 1974, defendant filed notice of appeal.

■ After careful consideration of the problem presented by the foregoing record, as well as F.R.Civ.P. 49 and Iacurci v. Lummus Co., 387 U.S. 86, 87 S.Ct. 1423, 18 L.Ed.2d 581 (1967), we have decided that the above-mentioned judgment of the district court must be vacated and the case remanded with directions to the district court to grant defendant a new trial, at least on the issues covered by interrogatories 3–5.[2]

---

**2.** We have recently had occasion to point out that, as a matter of policy, the views of the trial judge on the merits of post-trial motions should be secured, wherever possible, before a final decision on appeal from the entry of judgment following a jury verdict is made in this court. See Hattersley v. Theodore Bollt, etc., et al. v. Lazovitz, Inc., et al., 512 F.2d 209, Opinion filed February 19, 1975 (3d Cir.) In this case he ruled on such motions by the above April 15, 1974, order. As noted below at note 10, the trial judge will have the

*Iacurci* involved a wrongful death action in which petitioner, whose husband had been killed while using a "skip hoist," claimed that the hoist had been negligently designed by respondent. This question was submitted to the jury in the form of a special interrogatory, with the provision that if the jury found negligent design, it was to "indicate which, if any," of five proposed findings it had made in reaching its conclusion. The jury returned a special verdict for petitioner, but answered only one of the five subsections of the interrogatory, failing to answer the other four. The trial judge denied respondent's post-trial motions, and respondent appealed. The Court of Appeals interpreted the jury's failure to answer the four subsections as meaning that respondent's "negligence had not been established in those other respects," Iacurci v. Lummus Company, 340 F.2d 868, 870–71 (2d Cir. 1965), and, having found insufficient evidence to support the jury's finding of negligence as stated in the fifth subsection, reversed and directed the district court to enter judgment for the respondent.

The Supreme Court did not share the same confidence as to the meaning of the unanswered interrogatories and declared that the Court of Appeals should have remanded the case "to the Trial Judge, who was in the best position to pass upon the question of a new trial in light of the evidence, his charge to the jury, and the jury's verdict and interrogatory answers." Iacurci v. Lummus, Co., 387 U.S. at 88, 87 S.Ct. at 1424.

■■■ As relates to the instant case, we are not unmindful of the fact that the failure of the jury to answer Question 3[3] had been presented to the district court before entry of its April 15,

1974, order quoted above. However, since the post-trial motions did not cite *Iacurci*, we have no way of knowing whether the trial judge's attention was directed to the possibility that Question 3 might not have been answered because the jurors were "unable to agree on [the issue]" presented by that question, in which event the defendant would have been entitled to a new trial, as plaintiff concedes. 387 U.S. at 87–88, 87 S.Ct. 1423, 18 L.Ed.2d 581. Alternatively, the jury might not have answered Question 3 because it had assumed that its answer to Question 1 had obviated the need to answer Question 3, even though the trial judge had instructed the jury to answer "each of the questions" (N.T. 35; see also N.T. 20, 28–30, 32 & 43—Doc. 53 in W.D.Pa. Civil No. 73–103).

These possible explanations for the unanswered interrogatories 3 and 4 are particularly worthy of consideration since Question 3, as written, did not conform to the charge of the trial court: the key words "on time"[4] found at the end of the question as read to the jury during the charge are missing from the written interrogatory as taken to the jury deliberating room (N.T. 32 and 51a). Thus, Question 3 may not have been properly framed for the jury to adequately determine the factual issues essential to the judgment. *Cf.* Kornicki v. Calmar Steamship Corporation, 460 F.2d 1134, 1139 (3d Cir. 1972).

For the trial judge to have entered judgment on the verdict, he apparently first either (a) supplied his own answer to Question 3, or (b) assumed that the jurors answered Question 3 in the negative,[5] due to either its omissions or the belief that the need to answer this ques-

discretion to present the issues covered by interrogatories 1 and 2 to the jury during the new trial if he decides to do so.

3. The jurors also failed to answer Questions 4 and 5, but these were to be considered only if Question 3 was answered in the affirmative. See note 1.

4. Defendant-appellant's counterclaim for damages was based on plaintiff's alleged failure to complete the contract *on time.*

5. Appellee contends, incorrectly, that the trial judge secured an answer to Question 3 through his colloquy with the jury upon return of the verdict. It is clear from the transcript of the proceedings that the "colloquy" was held in reference to Questions 1 and 2, and that no reference was made to Question 3 (pp. 2–3 of Jury Verdict Proceeding of 12/8/73— Doc. 52 of Civil No. 73–103, W.D.Pa.).

tion had been eliminated by the jury's answer to Question 1. *Iacurci* indicates that either course would have been improper, 387 U.S. at 87–88, 87 S.Ct. 1423, 18 L.Ed.2d 581. *See also* Union Pacific Railroad Co. v. Bridal Veil Lumber Co., 219 F.2d 825, 831–32 (9th Cir. 1955), cert. denied, 350 U.S. 981, 76 S.Ct. 466, 100 L.Ed. 849 (1956).

▮ Plaintiff-appellee claims that while *Iacurci* may govern "the ordinary case," the facts of the instant appeal present a special situation, viz., by abandoning its post-trial motions appellant has waived its right to seek relief in this court.[6] Thus, appellee argues that a failure to prosecute post-trial motions has the same effect upon a subsequent appeal as a failure to raise certain issues in motions actually filed. In respect to the latter, the rule has evolved that, absent exceptional circumstances, an issue not raised in the district court will not be heard on appeal. Bethlehem Mines Corp. v. United Mine Wkrs. of Amer., 494 F.2d 726, 735 (3d Cir. 1974); Kappel v. United States, 437 F.2d 1222, 1224 (3d Cir.), cert. denied, 404 U.S. 830, 92 S.Ct. 71, 30 L.Ed.2d 59 (1971). But this rule is only a rule of practice and may be relaxed whenever the public interest or justice so warrants. O'Neill v. United States, 411 F.2d 139, 143–44 (3d Cir. 1969).

▮ Furthermore, the rationale underlying this rule is not necessarily applicable to an instance wherein a party merely fails to brief and argue its post-trial motions. This is so because the objective of these motions is to call to the trial court's attention an alleged mistake in the judgment and effect a ruling thereon, which "might entirely obviate the need of an appeal." Welch & Corr Construction Corp. v. Wheeler, 470 F.2d 140, 141 (1st Cir. 1972). In the case now before this court, appellant's post-trial motions served this purpose by detailing objections to the court's judgment, including the failure of the jury to answer Question 3,[7] notwithstanding the fact that appellant failed to completely prosecute the motions. Thus, this issue of the failure to answer Question 3 is not raised for the first time on appeal. The trial judge was aware of these objections at the time he denied appellant's motions,[8] and he could have ruled otherwise. While a court is not obliged to examine grounds for post-trial motions which are advanced in detail therein, but neither briefed nor argued, courts have at times done so. *See, e. g.,* Solar Fuel Co. v. United Mine Wkrs. of Amer., 346 F.Supp. 789, 798 (W.D.Pa.1972), aff'd 481 F.2d 1399 (3d Cir. 1973), cert. denied, 416 U.S. 909, 94 S.Ct. 1617, 40 L.Ed.2d 114 (1974). *Cf.* Clay v. Southern Railway Co., 284 F.2d 152, 154 (5th Cir. 1960);

---

6. Appellee also contends that appellant did not timely object to the jury's failure to answer all the special interrogatories and therefore waived its right to a new trial. However, as it appears that appellant had no knowledge of the jury's omission, it cannot be said to have waived a jury trial on the issue presented by Question 3. See Union Pacific Railroad Co. v. Bridal Veil Lumber Co., *supra* at 831 n. 2, of 219 F.2d. The instant appeal, a special verdict case, is not controlled by cases in which counsel was held to have clearly waived any objection to an inconsistency between the general verdict and special findings *after* responding negatively to the trial judge, who, prior to dismissing the jury, had inquired as to whether counsel wished to raise anything further. *See, e. g.,* Cundiff v. Washburn, 393 F.2d 505, 506 (7th Cir. 1968).

7. See paragraph 2 of Motion For A New Trial (Doc. 47 in W.D.Pa., Civil No. 73–103). As

noted above at page 4, the court in denying such Motion For A New Trial, recited that defendant's counsel had stated it contained defendant's reasons relied on for such Motion.

8. We have concluded that at least paragraph 2 of the Motion For A New Trial (see note 7) was not in fact abandoned. It may be noted that (a) the withdrawal of counsel did not withdraw the motions; (b) appellant's present counsel requested the trial court to enter an order on the basis of the post-trial motions filed by earlier counsel and thus did not display an intention to withdraw or abandon the motions; and (c) neither the Federal Rules of Civil Procedure nor the Rules of Court for the Western District of Pennsylvania require a brief or memorandum of law to accompany any contested motion. *Compare with* E.D.Pa. Rule 36.

Lebeck v. William A. Jarvis, Inc., 250 F.2d 285, 289–90 (3d Cir. 1957).

■ Appellee's contention that appellant has waived its right to appeal through abandonment presupposes the prosecution of post-trial motions to be a prerequisite to an appeal. While appellate courts have favored the use of post-trial motions to assure the efficient operation of the judicial process and to provide "the district court an opportunity to assist [reviewing courts] by furnishing its views, if it has something relevant to contribute," Welch & Corr Construction Corp. v. Wheeler, *supra* at 141, of 470 F.2d, the right to appeal is not conditioned upon the filing and prosecution of post-trial motions. In fact, there are many instances in which the filing of such motions would be an unnecessary and/or futile task. *Id.*

■ Finally, we have concluded that a remand of the case to the district court for determination by it of the grant of a new trial on the issues covered by interrogatories 3–5 would not be appropriate on the facts in this record, because the new trial motion has already been af-

**9.** We have not overlooked the statement by the Supreme Court in *Iacurci*, quoted above at page —— (page 88, 87 S.Ct. at 1424), that the district court is "in the best position to pass upon the question of a new tial," but there is no showing in that case that the post-trial motions presenting the issue had been submitted to the district court. See page 584 above.

**10.** Although the *Bridal Veil* court held that all issues should be retried, we believe that the district court should have the discretion not to

firmatively called to the attention of the district court as noted above. In 5A Moore's Federal Practice ¶ 49.03[4], at page 2217, the author says:

"[I]f the jury fails to find on an issue actually submitted to it, since the right to jury trial thereon has not been waived, a new trial, at least as to such issue, is necessary . . . ."

In the *Bridal Veil Lumber Co.* case, *supra*, which was cited with approval in *Iacurci, supra* at 88,[9] of 387 U.S., 87 S.Ct. 1423, 18 L.Ed.2d 581, the court said at pp. 831–32 of 219 F.2d:

"[I]t was error in the face of the unanswered question for the trial court to thereafter 'go it alone' and dispose of the case. In view of this, the judgment must be reversed for a new trial. To do other than send the case back for a new trial when decision on a vital issue by the jury is missing would deprive the parties of the jury trial to which they are entitled constitutionally." [10]

■ The district court judgment will be vacated and the case remanded for further proceedings consistent with this opinion.[11]

retry the issues covered by questions 1 and 2 if it so decides (see F.R.Civ.P. 42(b)), since there may be no good reason to deprive plaintiff of the answers to interrogatories 1 and 2. See 5A Moore's Federal Practice (2d ed.) ¶ 49.03[4] at 2217.

**11.** See first sentence of first paragraph of text beginning on page 584, as well as notes 2 and 10.