**Doris FILNER, Plaintiff,**

v.

**Samuel SHAPIRO and Southwestern Alloys Corporation, Defendants.**

**No. 77 Civ. 3918 (LFM).**

United States District Court,
S. D. New York.

Oct. 17, 1979.

Hertzog, Calamari & Gleason by William A. Austin, New York City, for defendants.

Coudert Brothers by Mark D. Lebow and J. D. Pope, New York City, for plaintiff.

OPINION

MacMAHON, District Judge.

Defendants move, pursuant to Rules 52(b) and 60(b)(6), Fed.R.Civ.P., to amend our memorandum decision dated July 5, 1979. We deny the motion.

Following a trial to the court, we denied defendants' motion to dismiss for lack of personal jurisdiction but granted their motion to dismiss the action on the merits. We held that personal jurisdiction existed over defendant Shapiro because Mr. Filner, plaintiff's husband, had acted as

Shapiro's agent rather than on his own behalf in soliciting certain funds from plaintiff in New York to raise money for a partnership. The foundation of this holding was our finding, based on an examination of the partnership agreement and Mr. Filner's testimony, that Mr. Filner had no obligation to contribute funds to the partnership and thus did not need plaintiff's funds for his own purposes. This finding was central to the holding of personal jurisdiction because it resolved a conflict in the testimony as to whether Mr. Filner was acting for his own or Shapiro's purposes. Defendants seek to remove from the memorandum the explicit finding that Mr. Filner had no obligation to make a contribution, replacing that finding with language to the effect that the evidence in this "limited" record "suggests" that no such obligation existed. Plaintiff opposes this motion.

Motions under Rule 52(b) are intended to correct manifest errors of law or fact, to prevent newly discovered evidence and to clarify the record for appeal. *Davis v. Mathews,* 450 F.Supp. 308, 318 (E.D.Cal. 1978); *Evans, Inc. v. Tiffany & Co.,* 416 F.Supp. 224, 244 (N.D.Ill.1976); *see Welch & Corr. Constr. Corp. v. Wheeler,* 470 F.2d 140, 141 (1st Cir. 1972). There is no new evidence, and defendants do not contend that the finding in question was erroneous at all, much less "manifestly" so. Finally, the suggested changes would obscure rather than clarify the record by making it unclear whether in our view an obligation to make a contribution existed. Thus, none of the rule's purposes would be served by amending the memorandum.

Defendants assert that the finding might prejudice them in pending and future litigations in other forums regarding the question of Mr. Filner's obligation. They contend that plaintiff will suffer no prejudice if the suggested alteration is made. We decline to accept these arguments as a basis for amending the memorandum.

The premise of defendants' first contention is that the issue was not fully litigated here. We disagree. The record reveals substantial documentary evidence and testimony on the issue, as well as argument before the court. Even if a fuller presentation of the question had been possible, we think that the res judicata effect of our findings is properly a matter for future courts to determine, when and if the question arises.

Defendants' second argument that plaintiff would suffer no prejudice, if accepted as a basis for amending judgments, would open the gates to a flood of post-trial motions under Rule 52(b). Such a result would run directly counter to the interest in finality of judgments embodied among other places in the strict requirement of the rule itself that all motions under it be filed within 10 days after entry of judgment. Thus, we deny the motion insofar as it rests on Rule 52(b).

Rule 60(b)(6), as its language implies, affords relief only from a "final judgment, order, or proceeding." In this case, the final judgment of dismissal was favorable to defendants, so it would seem that plaintiff, not defendants, is the only party with standing to obtain relief. Defendants have cited no case, nor have we found one, in which Rule 60(b)(6) afforded the relief sought here, namely, the alteration of the wording of a factual finding in a judgment favorable to the moving party. Relief under the rule is to be awarded only in the exercise of a sound discretion because the rule represents an exception to the principle of finality. *See, e. g., Cavalliotis v. Salomon,* 357 F.2d 157, 159 (2d Cir. 1966). Defendants' arguments for relief are the same as those advanced under Rule 52(b). They are no more persuasive under Rule 60(b)(6), which requires a strong showing to overcome the principle of finality.

Accordingly, defendants' motion under Rules 52(b) and 60(b)(6) to amend this court's memorandum decision of July 5, 1979 is denied.

So ordered.