Alberta A. HOLLIS, Plaintiff,

v.

CITY OF BUFFALO, Defendant.

No. 94–CV–539(H).

United States District Court,
W.D. New York.

May 24, 1999.

---

David Gerald Jay, Sandra H. Adams, Buffalo, NY, for plaintiff.

Alberta Hollis, Buffalo, NY, pro se.

James Lawrence Jarvis, Jr., Buffalo, NY, for defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), the parties consented to have the undersigned conduct any and all further proceedings in this case including entry of final judgment (Item 23). Plaintiff commenced this action alleging sexual harassment in violation of Title VII, 42 U.S.C. § 2000e–2(a)(1), § 296 of the New York Human Rights Law, and the Equal Protection Clause of the 14th Amendment to the United States Constitution. A bench trial was held and the parties submitted proposed findings of fact and conclusions of law. On December 30, 1998, judgment was entered in favor of the plaintiff in the amount of $30,000. *Hollis v. City of Buffalo*, 28 F.Supp.2d 812 (W.D.N.Y.1998).

Plaintiff moves for an order pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure granting a rehearing on the issue of damages, permitting the taking of additional testimony, and opening and amending the judgment on the grounds that the interests of justice require such relief (Item 40). For the reasons set out below, plaintiff's motion is denied.

## BACKGROUND

The following is a brief rendition of the facts in this case. A full rendition of the facts are set forth in the court's opinion of December 30, 1998. *Hollis*, 28 F.Supp.2d at 815–20.

In late 1990, while working as an audit inspector in the City of Buffalo's Division of Audit, plaintiff began experiencing hostile behavior from her immediate supervisor, Joseph Pendolino. Pendolino began making obscene gestures towards the plaintiff, left obscene voice messages on plaintiff's pager, and exhibited other vulgar and harassing behavior toward plaintiff both inside and outside the offices of the Division of Audit.

Plaintiff made numerous complaints about Pendolino's behavior. However, the defendant had failed to take reasonable steps to correct Pendolino's harassing behavior upon learning of it. *Id.* at 821. The evidence showed that Antoinette Klimenczko, Pendolino's immediate supervisor, Margaret Burke, who at the time was Principal Auditor, Richard Pawarski, the City Auditor, and Deputy Commissioner R. Michael McNamara, had all been apprised of Pendolino's behavior. However, no action was taken until after plaintiff expressed her intent to file a union grievance. *Id.* at 821–22.

In February 1992, the City finally took action against Pendolino. Even so, the court found that this action "was patently insufficient to remedy the harm" inflicted upon plaintiff. *Id.* at 822. The record showed that Pendolino was never actually financially penalized during a period when he was suspended, and the record further showed that he retained supervisory authority over plaintiff during the term of his discipline. *Id.*

## PROCEDURAL HISTORY

Plaintiff commenced this action on July 21, 1994 (Item 1). A bench trial was held from July 7–10, 1998. The parties submitted post-trial briefs and a post-trial argument was held on October 19, 1998. An order directing that judgment be entered in favor of the plaintiff was issued on December 30, 1998. *Hollis,* 28 F.Supp.2d at 812. The court found that Pendolino's conduct subjected plaintiff to a hostile work environment and that the City of Buffalo did not take reasonable care to prevent or correct Pendolino's harassing behavior. *Id.* at 815. The court also found that the City failed to demonstrate that there were any preventive or corrective opportunities available to plaintiff. *Id.* Plaintiff was awarded $30,000 in compensatory damages for emotional distress. *Id.* at 827.

Plaintiff filed this motion for a rehearing on damages on January 15, 1999 (Item 40). On February 5, 1999, additional documents related to this motion were submitted under seal (Item 42).

## DISCUSSION

■ Plaintiff moves pursuant to Rules 52(b) and 59(e) of the Federal Rules for Civil Procedure for an order granting a rehearing on the issue of damages, permitting the taking of additional testimony, and opening and amending the judgment upon the grounds that the interests of justice require such relief (Item 40). The decision whether to grant a motion under Rule 52(b) or Rule 59(e) lies within the sound discretion of the court. *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 143 (2d Cir.1998); *Atlantic States Legal Found. v. Karg Bros.,* 841 F.Supp. 51, 55 (N.D.N.Y.1993).

## A. Rule 52(b).

■ Under Rule 52(b) a court may amend its findings of fact in order to correct manifest errors of law or fact, to present newly discovered evidence, or to clarify the record for appeal. FED.R.CIV.P. 52(b); *Filner v. Shapiro,* 83 F.R.D. 630, 631 (S.D.N.Y. 1979); *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.,* 609 F.Supp. 451, 452–53 (S.D.N.Y.1984), *aff'd in part and vacated in part on other grounds,* 782 F.2d 329 (2d Cir.1986); *see United States v. Local 1804-1, Int'l Longshoremen's Ass'n,* 831 F.Supp. 167, 169 (S.D.N.Y.1993). While this rule provides the parties a limited opportunity to amend a court's findings of fact or conclusions of law, it does not permit the parties to raise issues that they simply forgot to put forth at trial. *Cf. Local 1804-1,* 831 F.Supp. at 169 ("a party who realizes ... that he failed to present his strongest case at trial, is not entitled to a second opportunity by moving to amend a finding of fact or a conclusion of law").

Plaintiff's counsel seeks to offer additional proof that plaintiff sought medical treatment, commencing at least November 23, 1992, for problems she experienced as a result of Pendolino's conduct (Item 40, at 3). Plaintiff's counsel, David G. Jay, Esq., affirms that when he undertook plaintiff's representation, the only evidence in the file concerning plaintiff's medical treatment regarding her encounters with Pendolino was a medical report concerning hospitalization on March 7, 1995 (*Id.*).[1] Mr. Jay thought the hospitalization had more to do with plaintiff losing her position as an audit inspector than as a result of her dealings with Pendolino (*Id.*). It has now come to Mr. Jay's attention that plaintiff has had medical treatment for the problems which she has experienced as a result of Pendolino's conduct (*Id.*). It is alleged that

---

1. Mr. Jay appeared on plaintiff's behalf on February 3, 1998, at the behest of Sandra H. Adams, Esq. Ms. Adams, who first appeared on plaintiff's behalf on December 21, 1994, requested Mr. Jay's assistance in litigating this matter because medical treatment she was receiving prevented her from fully and adequately representing her client (*See* Item 40, Aff. of Sandra H. Adams).

plaintiff's medical condition causes her to suppress the fact that she was medically treated at earlier dates (*Id.* at 3–4).

Sandra H. Adams, Esq., affirms that plaintiff was first treated for job related stress due to sexual harassment by her primary physician, Nancy Nielsen, M.D., in 1992, and subsequently by a Sarah Hodge, C.S.W. (*Id.* at Aff. of Sandra H. Adams). However, Ms. Adams does not believe that she emphasized this fact to Mr. Jay (*Id.*). Ms. Adams states that she did turn over to Mr. Jay the medical record compiled by Leeland Jones, M.D. Dr. Jones is a psychiatrist who was brought in for an in-hospital consultation in March 1995 by Dr. Nielsen, and who continued to treat Ms. Hollis for sex abuse therapy for fifteen months (*Id.*).

The information plaintiff seeks to use to amend the court's findings was available to plaintiff prior to trial. It pertains to plaintiff's own medical treatment. Because this is not newly discovered evidence, additional evidence will not be taken by court.

Accordingly, plaintiff's Rule 52(b) motion is denied.

**B. Rule 59(e).**

Like Rule 52(b), Rule 59(e) permits the court to revisit a prior decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice. Fed.R.Civ.P 59(e); *Cavallo v. Utica–Watertown Health Ins. Co.*, 3 F.Supp.2d 223, 225 (N.D.N.Y. 1998); *Patterson–Stevens, Inc. v. International Union of Operating Eng'rs*, 164 F.R.D. 4, 6 (W.D.N.Y.1995); *Bartz v. Agway, Inc.*, 849 F.Supp. 166, 167 (N.D.N.Y.1994); *Atlantic States Legal Found.*, 841 F.Supp. at 53. A Rule 59(e) motion can only be granted if the movant presents newly discovered evidence that was not available at the time of the trial, or there is evidence in the record that establishes a manifest error of law or fact. *E.g., Cavallo*, 3 F.Supp.2d at 225. The evidence must be "newly discovered or ... could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.1983) (citation omit-

ted); *Atlantic States Legal Found.*, 841 F.Supp. at 56.

Here, the record clearly indicates that plaintiff seeks to introduce evidence that could have been discovered through due diligence. Plaintiff was receiving medical treatment for the effects of sexual harassment since 1992. In addition, plaintiff testified about tests undertaken to see if she was suffering any heart problems (Tr. at 36–38). Ms. Adams also affirmed that she provided Mr. Jay with the medical record compiled by Dr. Jones (Item 40, Aff. of Sandra H. Adams).

Evidence that was in the movant's hands prior to the judgment being rendered is not newly discovered evidence. *Potamkin Cadillac Corp.*, 697 F.2d at 493; *Patel v. Lutheran Medical Center*, 775 F.Supp. 592, 596 (E.D.N.Y.1991). Through due diligence, plaintiff would have been able to discover this information and present it at trial.

Accordingly, plaintiff's Rule 59(e) motion is denied.

**CONCLUSION**

For the reasons set forth above, plaintiff's motion (**Item 40**) for a rehearing on the issue of damages, and permitting the taking of additional testimony is denied.

**So Ordered.**