Eve SAINT, as Guardian Ad Litem for her son Thomas Saint, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nationwide Mutual Insurance Company a/s/o/ Thomas Saint, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. CV 04–2118(ADS), CV 04–2221(ADS).

United States District Court,
E.D. New York.

June 2, 2007.

Hanly Conroy Bierstein Sheridan, Fisher & Hayes, LLP by Clinton B. Fisher, Esq. and Gregory Hach, Esq., of Counsel, New York, NY, for Plaintiff, Eve Saint.

D'Ambrosio & D'Ambrosio, P.C. by James D'Ambrosio, Esq., of Counsel, Irvington, NJ, for Plaintiff Nationwide Mutual Insurance Co.

Roslynn B. Mauskopf, for United States Attorney, by Vincent Lipari, Assistant United States Attorney, Central Islip, NY.

### ORDER

SPATT, District Judge.

On April 23, 2007, following a bench trial, in a 66 page opinion, the Court found that the plaintiff Eve Saint proved, by a preponderance of the credible evidence, that the June 7, 2002 accident involving her son Thomas Saint was caused by the negligence of both drivers, Thomas Saint and Mark Arbucci. This opinion resolved all the liability and damages issues in the case except for reduction to present value of the future damages pursuant to CPLR § 5041. The Court found that Arbucci was 15% liable for the accident, and awarded Thomas Saint gross total damages in the following amounts:

| | | |
|---|---|---|
| 1. | Injuries and pain and suffering to date | $1,000,000 |
| 2. | Pain and suffering in the future | $ 500,000 |
| 3. | Loss of earnings to date | $ 262,314 |
| 4. | Future loss of earnings | $1,292,000 |
| 5. | Past medical expenses | $ 550,000 |
| | Total: | $3,604,314 |

In its determination of the above awards, the Court was concerned by the fact that Thomas Saint did not appear at the trial to testify, or to make his current physical condition and appearance known to the Court. His testimony, and/or even his appearance would have assisted the Court in resolving some of the disputed damages issues, such as (1) his present condition; (2) his future ability to be employed; and (3) his need for constant or even intermittent supervision.

On May 1, 2007, eight days after the Court rendered its decision on liability and damages, the plaintiff made a motion to "reopen the record to permit the Court to hear testimony from and/or question and observe Thomas." This motion to reopen is presently before the Court. The defendant opposes the plaintiff's motion.

Under Rule 52(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."), upon motion by a party, the Court "may amend its findings-or-make additional findings-and may amend the judgment accordingly." "A party moving pursuant to Rule 52(b) may seek to correct 'manifest errors of law or fact . . .', or in some limited situations, to present newly discovered evidence." *Soberman v. Groff Studios Corp.*, 99–CIV–1005, 2000 WL 1253211, at *1 (S.D.N.Y. Sept.5, 2000) (citations omitted). Here, the Court notes that, in this application, there is (1) no need to correct manifest errors of law or fact; and (2) no newly discovered evidence.

Rule 59(a) imposes a strict standard. A motion for a new trial may be granted in an action tried without a jury only if there is a manifest error of law or mistake of fact. *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir.1995).

Rule 61 sets out a workable test for when to grant a new trial, counseling that no error is ground for granting a new trial "unless refusal to take such action appears to the court inconsistent with substantial justice." Fed.R.Civ.P. 61. That is to say, a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice. *See Arizona v. California*, 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). Certainly, a trial court should not grant a new trial simply because, like the proverbial second bite at the apple, the losing party believes it can present a better case if afforded another chance.

*LiButti v. United States*, 178 F.3d 114, 118–19 (2d Cir.1999)

Here, the plaintiff has failed to establish that she is entitled to have the Court reopen the proceedings in this case under any of the above standards. The plaintiff had a full

opportunity to present Thomas Saint during the trial and did not do so. In the Court's view, the plaintiff apparently made a conscious, strategic trial decision not to have Thomas appear and is now seeking the proverbial "second bite at the apple" based on the concern the Court expressed in its decision over the absence of Thomas from the trial. It is not the Court's function or responsibility to advise the plaintiff's counsel on trial tactics and strategy. The Court finds no valid reason to permit the plaintiff to present Thomas at this time, after it has made its liability and damages rulings.

In *Ammar v. United States*, 342 F.3d 133, 141 (2d Cir.2003), the Second Circuit definitively ruled on this issue: "Finally, there is no merit in [the plaintiff's] contention that the court should have granted his motion [for permission to present new evidence], made after the trial and the court had announced its liability findings.... The Court was not required to allow Ammar to reopen the evidence after he learned of the court's liability ruling." Indeed, in *LiButti* the Second Circuit warned that the Court should *not* grant a new trial or take additional evidence under similar circumstances, namely, when a party "believes it can present a better case if afforded another chance." *LiButti*, 178 F.3d at 119; *see also Caracci v. Brother Int'l Sewing Mach. Corp.*, 222 F.Supp. 769, 771 (E.D.La.1963) *aff'd.*, 341 F.2d 377 (5th Cir. 1965) (a trial court "may properly look with more favor upon a motion to reopen made after submission, but before any indication by it as to its decision"); *Wells v. Ortho Pharmaceutical Corp.*, 615 F.Supp. 262, 298 (N.D.Ga.1985) ("a motion to reopen is less favorably received after the court has rendered its decision, even if formal findings of fact and conclusions of law have not been made and judgment entered"), *affd. and modified in part and remanded on other grounds*, 788 F.2d 741 (11th Cir.1986).

As noted by the defendant, the two cases relied upon by the plaintiff are distinguishable because no decisions had been made in those cases at the time that the movants sought to reopen the proceedings to have the Court take additional evidence. *See Matthew Bender & Co., Inc. v. West Publ'g Co.*, 158 F.3d 674 (2d Cir.1998); *Romeo v. Sherry*, 308 F.Supp.2d 128 (E.D.N.Y.2004). In *Romeo v. Sherry*, after the close of the evidence and before a decision, the plaintiff sought to submit and rely on documents in post-trial briefing. The court denied the motion, although the documents, "would have more of a positive effect on Plaintiff's claim than any evidence he proffered at trial," because plaintiff had ample time before trial to discover the documents, but did not act diligently. 308 F.Supp.2d at 140. In *Matthew Bender & Co., Inc. v. West Publishing Company*, 158 F.3d 674 (2d Cir.1998), the Second Circuit affirmed the district court's decision to permit a party to introduce an affidavit—previously provided in pretrial proceedings, but through neglect not moved into evidence at a justiciability hearing—at the close of evidence, *and before any ruling*, in response to a motion to dismiss for failure to prove particular facts. The Second Circuit relied, in large part, on the fact that had the court not permitted submission of the document the case would have been dismissed without preclusive effect because the plaintiff could simply have amended its complaint and begun anew. *Id.* at 679.

As correctly noted by defense counsel in his memorandum in opposition to the plaintiff's motion to reopen the trial:

> Here, plaintiff does not contend that she is entitled to reopen proceedings because the court overlooked any relevant facts or legal authority, nor does plaintiff claim any error by the court in its factual findings or conclusions of law, or any supervening change in law. Further, plaintiff does not, and cannot claim, that Thomas' testimony would be newly discovered evidence, or evidence that was unavailable to her during the trial. *See, e.g., Hollis v. City of Buffalo*, 189 F.R.D. 260, 262 –263 (W.D.N.Y.1999) (denying motion, under Rule 52(b) and 59(e), to offer additional proof that plaintiff sought medical treatment for sexual harassment because "[t]he information plaintiff seeks to use to amend the court's findings was available to plaintiff prior to trial. It pertains to plaintiff's own medical treatment. Because this is not newly discovered evidence, additional evidence will not be taken by court"); *Pa-*

*tel v. Lutheran Medical Center, Inc.*, 775 F.Supp. 592, 596 (E.D.N.Y.1991) ("Under Rules 59(e) and 60(b)(2) evidence which was in the possession of the party before the judgment was rendered ... is not newly discovered and does not entitle him to relief") (internal quotation marks deleted, citations omitted).

[Further, the plaintiff] does not claim any change in Thomas's condition or circumstances that would have prevented him from testifying or appearing at the trial, but that would permit him to do so now, should the court reopen proceedings. On the contrary, the only change in circumstances is that the court has issued a decision which plaintiff considers adverse.... This is not a proper basis to reopen proceedings under any of the standards governing Federal Rules 52(b) or 59(e) or Local Rule 6.3. "It is well-settled that Rule 59 is not a vehicle for ... securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998).

\* \* \* \* \* \*

Here, the plaintiff's May 1, 2007 request to reopen proceedings is made more than three months after trial concluded, on January 19, 2007, and only after, and in response to, a finding [by the Court that] plaintiff considers adverse. Plaintiff cannot in the guise of a motion for reconsideration seek to introduce evidence, ... which was as much in her control before and during the trial as it is now. This testimony went to a matter as to which she and her counsel can claim no surprise, the determination of Thomas's condition and an assessment of damages. There can be no more illustrative example of an impermissible "second bite at the apple."

In sum, the plaintiff fails to meet any of the requirements for amending or modifying the Court's factual findings, or reopening proceedings, or obtaining a new trial on the issue of damages. Accordingly, the plaintiff's motion to "reopen the record to permit the Court to hear testimony from and/or question and observe Thomas" is denied.

**SO ORDERED.**