

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2007

# Mitchell v. Henry

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2978

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mitchell v. Henry" (2007). *2007 Decisions*. Paper 200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-2978

———————

WALLACE MITCHELL,
                                        Appellant

v.

HENRY

———————————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 96-cv-00566
(Honorable Christopher C. Conner)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2007

Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges.

(Filed: November 26, 2007)

———————

OPINION OF THE COURT

———————

PER CURIAM.

     In 1996, Wallace Mitchell filed a complaint pro se, alleging that Jeffrey Henry, a

correctional officer at the State Correctional Institution in Dallas, Pennsylvania, sexually

harassed and assaulted him. Mitchell claimed that the alleged mistreatment constituted cruel and unusual punishment.

For a few years, Mitchell represented himself, submitting among his many motions a motion for leave to file an amended complaint and a proposed amendment to the complaint. The District Court addressed Mitchell's motion to file an amended complaint at a pre-trial conference in 2002. Speaking to Mitchell, the District Court stated the following:

> As a practical matter . . . the original complaint is amended, cause of action to include that the actions of the Defendant denied the Plaintiff due process. The original complaint is amended at Page 5. Relief sought to include that the Plaintiff seeks a declaratory judgment that the Defendant violated the Plaintiff's Constitutional Rights.

App. (second unnumbered page of "Attachment No. 1"). Subsequently, Mitchell's amendment was entered on the docket. Later, the District Court appointed counsel, who oversaw discovery and represented Mitchell at a trial before a jury.

At the trial, which spanned four days, Mitchell and a couple of his fellow inmates testified that Henry sexually harassed and assaulted Mitchell. Henry and his co-workers testified to the contrary. Also, a forensic document examiner testified that grievances relating to Mitchell's claims were fabrications.

The District Court instructed the jury, explaining that Mitchell claimed that Henry violated his right to be free of cruel and unusual punishment under the Eighth Amendment and that Henry denied the claim. In describing what Mitchell had to show to win relief through 42 U.S.C. § 1983, the District Court further stated that Mitchell

2

asserted one claim, the Eighth Amendment violation, not two. Mitchell's counsel did not object to the charge. After deliberating for less than an hour, the jury returned with a verdict against Mitchell. Specifically, the jury determined that Mitchell had not proved by a preponderance of the evidence that Henry had harassed or touched him a sexual manner. Supp. App. 84. Mitchell's counsel filed no post-verdict motions. The District Court subsequently entered judgment in favor of Henry and against Mitchell.

On July 8, 2003, Mitchell's attorney filed in the District Court a motion to withdraw as counsel and a notice of appeal. The docketing and filing fees on appeal were paid. On August 13, 2003, Mitchell's counsel filed a motion to withdraw in this Court. On August 15, 2003, the District Court granted the motion to withdraw. On August 20, 2003, we received a letter notifying us of the District Court's action. In August 2006, the Clerk of Court entered an order denying as unnecessary counsel's motion to withdraw in light of the District Court's order.

In his briefs, Mitchell argues that the District Court erred by not putting his due process claim before the jury. Additionally, Mitchell has filed a "motion for a ruling on jurisdiction regarding counsel," in which he essentially argues that the District Court was without jurisdiction to rule on his attorney's motion to withdraw as counsel because his appeal had been initiated. Henry contends that no issues have been preserved for appeal because Mitchell's counsel raised no objections at or after trial. Henry further argues that even if the issue were preserved, the District Court did not err in instructing the jury

because Mitchell had no actionable due process claim. Henry does not respond to Mitchell's motion.

First, we conclude that the District Court's order granting the motion to withdraw is not void, as Mitchell suggests. The general rule is that the filing of a notice of appeal divests the district court of jurisdiction over a case pending resolution of the appeal. See Pensiero v. Lingle, 847 F.2d 90, 98 (3d Cir. 1988); Venen v. Sweet, 758 F.2d 117, 121(3d Cir. 1985). However, this rule is founded on prudential considerations and is applied "to prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." Pensiero, 847 F.2d at 98. Because it is a prudential doctrine, it is not used when its application "would defeat its purpose of achieving judicial economy." Id. Under the circumstances of this case, applying the rule to void the long-ago reasoned ruling of the District Court would not promote judicial economy.[1] Accordingly, we decline to apply it. To the extent Mitchell includes a request that counsel be appointed with his "motion for a ruling on jurisdiction regarding counsel," we deny it because, among other reasons, the fees were paid on appeal and Mitchell has filed no application for leave to proceed in forma pauperis for the purpose of appointing counsel.

---

[1]In any event, had the District Court not ruled on the motion to withdraw, we would have granted the motion before us for the reasons cited by the District Court.

Furthermore, we will affirm the District Court's judgment because no issues have been preserved for appeal. Absent exceptional circumstances, we ordinarily do not consider issues that were not raised or preserved in the District Court. See Royce v. Hahn, 151 F.3d 116, 125 (3d Cir. 1998); Franki Found. Co. v. Alger-Rau Assocs. 513 F.2d 581, 586 (3d Cir. 1975) (noting that we may relax the rule when justice or the public interest so warrants). Mitchell's counsel did preserve any issues by objecting to the jury instructions at trial or in any post-trial motion, and we see no reason to depart from our ordinary rule.

We note that regardless of whether there was any error in the jury charge, an issue on which we express no opinion, the jury's verdict precluded any success on whatever species of due process claim Mitchell sought to put before the jury. He predicated the claim on the same charge of sexual harassment and assault on which he based his claim under the Eighth Amendment. However, the jury concluded that Mitchell had not shown that Henry had harassed or touched him in a sexual manner. Supp. App. 84. The jury's first and only finding (which, we additionally note, was supported by the evidence) foreclosed both of Mitchell's proposed avenues for relief.

In sum, for the reasons given, we deny Mitchell's "motion for a ruling on jurisdiction regarding counsel," and we will affirm the District Court's judgment.