

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2009

# Charles Texter v. Todd Merlina

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2020

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Charles Texter v. Todd Merlina" (2009). *2009 Decisions.* Paper 1318.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1318

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2020
_____

CHARLES LEE TEXTER,
                                        Appellant

v.

TODD MERLINA, (Trooper) an individual; PENNSYLVANIA LIQUOR CONTROL
BOARD; PENNSYLVANIA STATE POLICE; CHAMBERSBURG POLICE
DEPARTMENT; RICHARD SWARTZ, an individual; MICHAEL T. DEFRANK, an
individual; JOHN F. NELSON, an individual; JOHN R. WALKER, an individual;
HONORABLE JUDGE CAROL VAN HORN, an individual; BOROUGH OF
CHAMBERSBURG; THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL
DISTRICT, PENNSYLVANIA FRANKLIN COUNTY BRANCH; JOHN DOE #3;
JOHN DOE#2; JOHN DOE#1; JONATHAN NEWMAN; JEFFERY B. MILLER;
GEORGE BUCK, Pennsylvania State Police Officer; TAMMY TUCK, Pennsylvania
State Police Officer; JEROME BOTCHIE, Pennsylvania State Police Officer; ROBERT
PATRIZI, Pennsylvania State Police Officer; SCOTT NORTH, Borough of
Chambersburg Police Officer; THOMAS NEWCOMER, Mayor of Borough of
Chambersburg; JILL MCCRACKEN, Assistant District Attorney for Franklin County
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 04-00173)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009

Before: McKEE, HARDIMAN and ROTH, Circuit Judges

(Opinion filed May 26, 2009)

_____

OPINION
_____

PER CURIAM

Charles Texter, proceeding pro se, appeals following a judgment entered in favor of several Pennsylvania Liquor Control Enforcement Officers after a jury trial in his civil rights action. He also appeals certain pre-trial orders of the District Court. We will affirm.

Texter sued the Pennsylvania State Police, the Borough of Chambersburg Police Department, the Pennsylvania Liquor Control Board, and numerous State and Borough of Chambersburg employees, claiming violations of his constitutional rights stemming from his arrest at a bar and his conviction for disorderly conduct. The District Court granted motions to dismiss the complaint filed by the Pennsylvania State Police, the Borough of Chambersburg Police Department, and the Pennsylvania Liquor Control Board, concluding that these entities were not "persons" subject to liability under 28 U.S.C. § 1983. The District Court also dismissed Texter's claims against two judges based on their absolute immunity from suit and dismissed his claims against Assistant District Attorneys Jill McCracken and John Nelson based on their absolute immunity.

The District Court granted summary judgment in favor of other named defendants who lacked personal involvement in the incidents at issue. Texter's claims against four Pennsylvania Liquor Control Enforcement Officers for use of excessive force during his

2

arrest and his claim against one officer for failure to intervene went to trial. The jury returned a verdict in favor of the officers. This appeal followed.

Texter raises five issues for our review. First, Texter argues that the District Court erred in placing the burden of proof on him in a trial for false arrest and false imprisonment. The only claims that went to trial, however, were Texter's claims for use of excessive force and failure to intervene. The District Court precluded Texter from offering evidence at trial to support claims of false arrest and false imprisonment under Heck v. Humphrey, 512 U.S. 477 (1994). See 2/26/08 Dist. Ct. Order. To the extent Texter claims that the burden was improperly placed on him to prove his claims at trial, his claim lacks merit. See Edwards v. City of Philadelphia, 860 F.2d 568, 572 (3d Cir. 1988) (holding that the plaintiff has the burden of proving claim of use of excessive force in the course of an arrest).

Texter also claims that the District Court abused its discretion in refusing to allow him to present evidence at trial regarding the injuries he suffered during his arrest. Appellees Todd Merlina, George Buck, Tammy Tuck, Jerome Botchie, and Robert Patrizi (the "Officers") state that Texter testified about his injuries and presented photographs depicting them. The Officers state that the District Court precluded certain photographs that were repetitive and other medical evidence because Texter did not have an expert, but that Texter was able to establish the nature of his injuries.

To the extent Texter appeals the District Court's February 26, 2008, pre-trial order precluding him from presenting any testimony about his injuries which would require a

3

medical expert, the District Court did not abuse its discretion in precluding such testimony.  See Fed. R. Evid. 701.  To the extent Texter appeals the District Court's February 29, 2008, order precluding the introduction of certain cumulative photographs, Texter has not shown that the District Court abused its discretion.  Finally, to the extent Texter argues that the District Court erred in precluding the admission of evidence at trial, he has failed to file the trial transcript, and we are unable to review a claim of error at trial.[1]

Texter further claims that the District Court abused its discretion in precluding him from conducting discovery, and that the defendants failed to comply with Federal Rule of Civil Procedure 26.  Texter does not further explain his claim.  The Officers correctly note that Texter never filed a motion to compel discovery in District Court.  Texter also has not identified the nature of the information allegedly withheld or explained how he was prejudiced.  To the extent Texter is claiming that the District Court erred in denying his October 18, 2007, motion to reopen discovery, which the Officers correctly note was filed more than a year after the discovery deadline expired and after the case was set for trial, the District Court did not abuse its discretion.

---

[1]The Officers also argue that we lack jurisdiction to review any claim of error at trial because Texter did not file post-trial motions.  It is a rule of practice – not jurisdiction – that, absent exceptional circumstances, we will not review any issue that was not raised in the district court.  Franki Foundation Co. v. Alger-Rau & Assoc., 513 F.2d 581, 586 (3d Cir. 1975).  The right to appeal is not conditioned upon the filing of post-trial motions, and there are many instances in which the filing of such motions would be unnecessary and/or futile  Id. at 587.

Texter also claims that the District Court abused its discretion in inviting the jury to presume facts not in evidence. Specifically, Texter states that "no evidence was entered into the record to verify the identities of any of the defendants, to verify that any of the defendants were actually government employees, or that any of the defendants were acting in compliance with any statutory authority whatsoever, yet counsel for the defendants repeatedly pled the defendants as state actors carrying out lawful duties." Appellant's Br. at 9. Texter's claim is unclear. To the extent he contends that there was no evidence establishing that the defendants acted under color of state law, Texter had the burden of proving that the defendants acted under of color of state law when they violated his federal rights. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

Finally, Texter claims that the District Court erred in dismissing his claims against certain defendants on grounds of official immunity based on unsworn statements of counsel. Texter does not further explain his claim, other than arguing that qualified immunity is more appropriately addressed at the summary judgment stage rather than on a motion to dismiss. To the extent Texter contends that the District Court erred in granting the motions to dismiss of prosecutors Jill McCracken and John Nelson based on absolute and qualified immunity, we disagree. Texter alleged in his amended complaint that Nelson had failed to take certain actions during his state court criminal proceedings, and that McCracken had laughed at him while he was detained at the Borough of Chambersburg Police Department. The District Court did not err in holding that McCracken and Nelson were entitled to absolute immunity for acts undertaken while

initiating and pursuing a criminal prosecution.  See Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001).  The District Court also ruled that Nelson and McCracken did not participate in a violation of Texter's constitutional rights, a conclusion that he does not dispute on appeal.

Accordingly, we will affirm the judgment of the District Court.